DARLINGTON v. WESTERN UNION TELEGRAPH COMPANY.

(December 22, 1900.)

1. *Negligence—Damages—Actual—Telegraphs.*

　Where there is negligence by a telegraph company in sending a message, it is liable for actual damages to the sender.

2. *Telegraphs—Damages—Notice—Mental Anguish.*

　A telegraph company is liable for damages for mental anguish, caused by failure to promptly deliver a message, only when it has notice of its importance.

3. *Telegraphs—Evidence—Competency—Hearsay Notice.*

　Conversations with an agent of a telegraph company before, and declarations by him after sending a message, are incompetent to fix the company with notice of its importance.

MONTGOMERY, CLARK, and DOUGLAS, JJ., concur in the result only.

CIVIL ACTION by W. M. Darlington against the Western Union Telegraph Company, heard by Judge *W. S. O'B. Robinson* and a jury, at May Term, 1900, of WILKES Superior Court. From judgment for less than the relief demanded, the plaintiff appealed.

　*Finley & Green,* for the plaintiff.
　*Glenn & Manly,* and *F. H. Busbee,* for the defendant.

FAIRCLOTH, C. J. Action for damages. The plaintiff delivered to defendant's agent for transmission the following: "North Wilkesboro, N. C., September 6, 1899. Mrs. S. J. Franklin, Ridgeway, Henry Co., Va.: Leave on this evening's train. Be here to-morrow. W. M. Darlington." Mrs. Franklin was examined as a witness, and testified that on September 6th she received this message: "Leave on evening train. Be there to-morrow." Mrs. Franklin, being

misled by the language of the telegram, did not arrive at Wilkesboro until September 10 at 1.10 p. m., and her daughter, wife of the plaintiff, died that night at 12 o'clock, and knew her mother, and conversed with her. The plaintiff sues for actual damage and damages for mental suffering. He did not show that defendant's agent was in any way informed of the important nature of the message, or of any special circumstances connected with it. His Honor allowed plaintiff to take judgment for the cost of sending his message, but refused to allow damages for mental anguish. The plaintiff excepted and appealed.

All the authorities hold that, when there is negligence in sending the message the company is liable for actual damages to the sender. In *Hadley v. Baxendale,* 9 Exch., 353, it was held that damages are to be allowed only when the defendant has notice of the special circumstances and importance of prompt action. When such notice is given, failure to act promptly and correctly is negligence, and subjects the defendant to damages for negligence. This doctrine is laid down in Crosw. Electricity, sec. 649, and Thomp. Electricity, secs. 386, 387. In several decisions of this Court, from *Sherrill v. Telegraph Co.,* 116 N. C., 655, to the present, the same principle is recognized, although the precise question was not presented. In *Kennon v. Telegraph Co.,* 126 N. C., 232, this Court decided that no damage for mental suffering could be recovered, unless notice of the urgency or importance of the dispatch was brought to the attention of the company in some way, and this is the rule in this Court. Ten, or a dozen, of our decisions on this subject are collected and cited in *Kennon v. Telegraph Co., supra,* with ear-marks indicating the evidence of the notice of the urgency and importance of the message. See, also, *Telegraph Co. v. Bryant* (Ind. App.), 46 N. E., 358. These authorities are conclusive

127——29

against the contention of the plaintiff, and we think the rule is reasonable and just to each party.

His Honor directed the jury to answer the firs*t* issue "Yes," and to assess the plaintiff's damages at 25 cents, the cost of sending the message, and held that he was entitled to no other damage. The plaintiff offered to prove by himself a social conversation with the defendant's agent on the street several days before the message was sent, and the declarations of the same agent after the sending of the message, for the purpose of fixing the defendant with notice of the importance of the dispatch. This evidence was incompetent, and was properly excluded. The rule in that respect is that what an agent says, or does, within the scope of his agency, and while engaged in the very business, is evidence for, or against, his principal, because it is a part of the *res gestae*. His declarations, made subsequently, as to what he had done, or said, are hearsay, and are not evidence, although he may be still acting as agent for the same principal generally, or in any other matters. *Smith v. Railroad Co.*, 68 N. C., 107; *McComb v. Railroad Co.*, 70 N. C., 178; *Stenhouse v. Railroad Co.*, Id., 542. No error.

Affirmed.

MONTGOMERY, CLARK, and DOUGLAS, concur in result only.