W. A. YOUNG v. DR. E. P. GRUNER.

(Filed 26 May, 1917.)

1. **Negligence — Instructions — Burden of Proof — Sanitariums—Intoxicating Liquors.**

In an action against the owner of a private sanitarium to recover damages for injuries alleged to have resulted from his negligence in not taking care of a patient received in a practically unconscious condition from the excessive use of alcohol, there was conflicting evidence as to whether the injury was received after the plaintiff had been discharged and while permitted to sleep in a lower room at his request until the next morning, or whether the plaintiff was in such condition at the time as to be unaware of what he was doing: *Held,* a charge to the jury imposing upon the defendant the duty to exercise ordinary care under the circumstances for the plaintiff's protection was proper, as also (in accordance with his special request) his liability for willful injury, if his phase of the evidence should be accepted by the jury, placing the burden of proof on plaintiff.

YOUNG *v.* GRUNER.

**2. Appeal and Error—Evidence—Pleadings—Objections and Exceptions.**

Where the plaintiff has introduced parts of the defendant's answer in evidence, an objection, if valid, is rendered immaterial by the defendant's thereafter testifying thereto.

**3. Appeal and Error—Evidence—Expert Testimony—Intoxicating Liquors— Favorable Testimony.**

Where .the effect upon the sensibilities of a patient received at a sanitarium under the excessive influence of alcohol is material in an action against the institution for its alleged negligence in failing to give the patient proper attention, the opinion of a medical expert as to the effect of giving the patient a drink of whiskey, which is favorable to the defendant's contention, is not evidence of which he can complain.

**4. Evidence—Common Knowledge—Appeal and Error—Harmless Error.**

When material and relevant to the inquiry, evidence as to the effect of whiskey in producing thirst after a drunken sleep, admitted to be universally known as a fact, if erroneously admitted, is harmless error.

CIVIL ACTION, tried before *Harding, J.,* at May Term, 1916, of BUNCOMBE.

This is an action to recover damages for personal injury sustained while an inmate of a private sanitarium of the defendant, alleged to have been caused by the negligence of the defendant.

The evidence tended to prove that the plaintiff was taken to the Sanitarium on 15 February, 1915, by two of his friends, while he was practically unconscious, caused by the excessive use of alcohol; that he was received by the defendant as a patient and was placed in what was called a safety room; that he was treated by the defendant and went to sleep about 5 o'clock in the evening; that some time thereafter he became boisterous and was taken to a room in a lower story, where he was left without attendance until the next morning; that about 12 or 1 o'clock at night, being very thirsty, he got up, and in moving about in the dark in his search for water, fell into a concrete swimming pool 6 or 7 feet deep, and his leg was broken and he was otherwise injured; that he remained in this pool from about 1 o'clock at night until about 7 o'clock the next morning; that he made various efforts to get out of the pool, but was unable to do so, and that he called for help at different times during the night and that no one came to him.

The swimming pool was encircled with an iron railing except where the steps led down into the pool.

The defendant offered evidence tending to prove that after the defendant was taken from the safety room, he was discharged as a patient and was permitted to sleep in the lower room, at his request, until the next morning.

The plaintiff testified as to this, that in his condition he did not know what took place, and there was evidence in his behalf that he was bordering on delirium tremens.

There was a verdict and judgment in favor of the plaintiff, and the defendant excepted and appealed.

*R. M. Wells and J. E. Swain for plaintiff.*
*J. W. Haynes for defendant.·*

ALLEN, J. The question in controversy between the plaintiff and the defendant were resolved into an issue of fact under the instructions given to the jury, and this fact has been decided against the defendant by the jury.

His Honor imposed upon the defendant the duty of exercising ordinary care under the circumstances for the protection of the plaintiff, and he charged them specifically, according to the contention of the defendant, that "If you find by the greater weight of the evidence that for several days prior to 15 February, 1916, that the plaintiff had been on a protracted debauch, and that on said date the plaintiff was taken to the sanitarium by his friends, who asked the defendant to do what he could to sober up the plaintiff, and the defendant was not advised at the time, either by the plaintiff or his friends, the extent to which the plaintiff had indulged in the use of intoxicating liquors, and was not acquainted with the plaintiff or his habits; and if you should further find that the defendant gave the plaintiff the usual and ordinary treatment in cases of that kind; and you should further find that the plaintiff went to sleep in the late afternoon or early night and slept until near midnight, at which time the plaintiff became abusive toward the defendant, and the defendant exercised that prudence and care which an ordinarily prudent person would have exercised in the position and situation of the defedant in making such an examination of a person or patient in the condition of the plaintiff at that time of such examination, and by the careful exercise of his faculties as a result of such examination, in good faith, thought the plaintiff was in possession of sufficient mental capacity to take charge of himself, and the defendant discharged the plaintiff as a patient at his sanitarium; and later, at the request of the plaintiff, permitted him to remain in a bed or cot in the basement of his sanitarium; that after such permission, if you find that the same was given, the defendant owed the plaintiff no duty whatsoever, except not to willfully injure him—and as there is no evidence in the case that the defendant did anything to willfully injure the plaintiff, it would be your duty to answer the issue, 'No,' remembering, gentlemen, that the burden of proof is upon the plaintiff as to both the first and second issues."

The exceptions to the evidence are without merit.

The first three exceptions are to the admission in evidence of parts of the defendant's answer, but this is rendered immaterial, if objectionable, because the defendant was thereafter introduced as a witness in his own behalf and testified to the same facts alleged in the answer.

The fourth exception is to the admission of the following question and answer:

"Q. Doctor, a patient whose system is saturated with alcohol to such an extent that when that alcohol is removed and taken away, ten days after it is removed he will have delirium tremens, will you state whether or not that condition of alcoholism renders him incapable of conducting himself properly, knowing what he was doing, whether that excess renders him incapable of taking care of himself?

"A. Whiskey, in delirium tremens, would ordinarily bring back the sensibilities, when the man is having the stimulation from whiskey, bring back his normal sensibilities, which he had on the morning I saw him at the sanitarium, practically; it would do so in twenty-four or forty-eight hours, because after that, with the lack of alcohol, he was going into this delirium."

The answer is rather favorable to the defendant than otherwise, as it tends to prove that the plaintiff knew more of his condition and situation on the night he was injured and the following morning than he admitted on the witness stand.

The fifth exception is to permitting a witness to say that one who has been intoxicated and has slept for three or four hours is likely to be thirsty when he wakes up, and counsel admit that this is universally known, and "that even laymen recognize the fact."

We have examined the whole record, and find nothing that would justify disturbing the verdict.

No error.