BESSIE PENLAND AND HER HUSBAND, J. L. PENLAND, v. FRENCH BROAD HOSPITAL, INC.

(Filed 20 August, 1930.)

1. **Trial D a—Where motion to nonsuit is not made at close of plaintiff's evidence denial of motion at close of all evidence is not appealable.**

The allowance of a motion as of nonsuit is based upon purely statutory grounds, and the requirements of the statute, C. S., 567, must be strictly followed, and where the defendant fails to move for judgment as of nonsuit at the close of the plaintiff's evidence, his exception to the refusal of his motion therefor at the close of all the evidence is not sufficient to present on appeal the question of whether upon all the evidence the plaintiff is entitled to recover.

2. **Hospitals C a—Where surgeon is selected by patient or his agent, hospital is not liable for his alleged negligence.**

Where the surgeon to perform an operation at a private hospital is selected by the plaintiff or by her personal physician with her or her husband's approval, the hospital in which the operation is to be performed agreeing to provide only the facilities for the operation, the hospital is not liable for the alleged negligence of the surgeon in the performance of the operation, and where in an action against the hospital the evidence fails to show that the surgeon was employed by the hospital or that the hospital selected or recommended the surgeon, a request for directed verdict that the plaintiff could not recover should be granted, and the fact that the surgeon was on the staff of the hospital or that he was a stockholder and officer of the hospital corporation does not vary the result.

APPEAL by defendant from *Harding, J.,* at January Special Term, 1930, of YANCEY. New trial.

Two actions, one by the plaintiff, Bessie Penland, and the other by her husband, the plaintiff, J. L. Penland, against the defendant, French Broad Hospital, Inc., a corporation organized under the laws of this State, pending in the Superior Court of Yancey County, were by consent consolidated for trial, and tried together at January Special Term, 1930, of said court.

The actions were begun by the plaintiffs therein to recover damages sustained by them, respectively, resulting from a surgical operation performed on the plaintiff, Bessie Penland, by which her appendix was removed. The said operation was performed in the hospital owned and maintained by the defendant corporation, in the city of Asheville, N. C.

In the complaint in the action begun by the plaintiff, Bessie Penland, she alleges:

"3. That prior to the late summer or early fall of 1927, the plaintiff, who was then 23 years of age, and the mother of three healthy children, was in most excellent health and physical condition, until along about such time she became stricken with appendicitis, and after conferences with her husband, and her local physician, she was removed to the hospital of the defendant, in the city of Asheville, North Carolina, for an operation to remove the appendix, and for the treatment involved in such removal operation.

"4. That she was so removed to the hospital of said defendant and arrangements made with the proper officials and authorities in control thereof for the purpose of obtaining said operation and treatment, and placed entirely in the custody of the officials of said corporation who agreed to take the responsibility therefor, and to perform an operation for such purpose and to properly treat the plaintiff in relation thereto.

"5. That the plaintiff submitted herself to the custody and attention of said corporation, through its physicians and officials, and was operated upon by a physician or surgeon, or by physicians and surgeons furnished by the said corporation for such purpose, and after said operation and treatment, for a term of three weeks, she remained in said hospital under the direction and sole care of its physicians and surgeons, officers and attendants.

"9. That in the performance of the operation for appendicitis, the defendant, with gross and almost criminal negligence, as the plaintiff is informed and believes, neglected to remove packing which had been placed by the operatives of the defendant in the wounds created by them, and continued to allow the same to remain, notwithstanding the plaintiff's repeated returns to its hospital for treatment, and said packing continued to remain for a period covering seven months after its placing therein."

In the complaint filed in the action begun by the plaintiff, J. L. Penland, he alleges:

"3. That in the year 1927, the plaintiff, being temporarily engaged in labor near Asheville, North Carolina, found that his wife, who was at her home in Yancey County, was ill with appendicitis and upon the advice of a physician, brought his wife, Bessie Penland, to the hospital of the defendant, in Asheville, North Carolina, for an operation for appendicitis.

"4. That the plaintiff placed his said wife in the hospital of the defendant, under its complete care and direction, and trusted the said defendant to provide skilled operatives to remove the appendix of his wife, which operation the plaintiff is advised, was comparatively simple, when properly performed, and that an early recovery should follow—and there should be no serious danger, harm or suffering.

"5. That the defendant undertook said operation and reported the same as having been completely performed, and without complications or injury to his wife, and discharged his said wife from said hospital after three weeks.

"6. That the defendant, with gross negligence and carelessness, unnaturally mutilated the wife of the plaintiff, cutting or allowing the instrument to penetrate and injure some of the most important or vital organs of his said wife, and with gross negligence and carelessness allowed packing to remain in her wounds, so that for a period of seven months the packing was not found, and was allowed to remain in her, causing repeated openings, wounds, unnatural means of bringing about evacuation, and action of the kidneys and bowels, and causing permanent injury and complete destruction of her health."

Both plaintiffs allege that as the result of the negligence of the defendant, as alleged in their respective complaints, each sustained damages in a large sum, for which each demands judgment against the defendant.

The defendant in its answer to the complaint in each of said actions, denied all the material allegations therein, and prayed judgment that the plaintiff take nothing by said action, and that it recover its costs.

The issues submitted to the jury at the trial were answered as follows:

"1. Was the plaintiff, Bessie Penland, injured and damaged by the negligence of the French Broad Hospital, Inc., as alleged in the complaint? Answer: Yes.

2. Was the plaintiff, J. L. Penland, injured and damaged by the negligence of the French Broad Hospital, Inc., as alleged in the complaint? Answer: Yes.

3. What damages, if any, is the plaintiff, Bessie Penland, entitled to recover of the defendant, the French Broad Hospital, Inc.? Answer: $10,000.

4. What damages, if any, is the plaintiff, J. L. Penland, entitled to recover of the defendant, the French Broad Hospital, Inc.? Answer: $70.00."

From judgments on the verdict, that plaintiff, Bessie Penland, recover of the defendant the sum of $10,000, and that the plaintiff, J. L. Penland, recover of the defendant, the sum of $70.00, the defendant appealed to the Supreme Court.

*G. D. Bailey and Pless & Pless for plaintiffs.*
*Thomas S. Rollins and Harkins & Van Winkle for defendant.*

CONNOR, J. The case on appeal settled by the judge, upon disagreement of counsel, and certified to this Court on defendant's appeal, C. S., 644, does not show that at the close of the evidence for the plaintiffs, defendant moved for judgment dismissing the action as of nonsuit, C. S., 567. When plaintiffs rested their case, defendant introduced evidence, and at the close of this evidence, plaintiffs introduced evidence in rebuttal. At the close of all the evidence, as shown by the case on appeal, defendant moved for judgment dismissing the action as of nonsuit "upon the ground that in no view of the evidence, if believed, are the plaintiffs, or either of them entitled to recover in this action." This motion was denied and defendant excepted. The assignment of error based on this exception cannot be considered by this Court. It is expressly provided by the statute, C. S., 567, that when the plaintiff has introduced his evidence, and rested his case, the defendant may move to dismiss the action or for judgment as in case of nonsuit. It is only when this motion has been overruled, and defendant has excepted, and thereafter introduced evidence, that he may, at the close of all the evidence, again move to dismiss the action. If this motion is denied, and defendant excepts, he has the benefit of this exception on his appeal to this Court. In the absence of a motion to dismiss at the close of the evidence for the plaintiff, and an exception to the denial of such motion, an exception to the denial of a motion by the defendant, who has thereafter introduced evidence, at the close of all the evidence, is not sufficient to present to this Court, on defendant's appeal, the question as to whether upon all the evidence, the plaintiff is entitled to recover. The power of the Superior Court to grant an involuntary nonsuit is altogether statutory. *Riley v. Stone,* 169 N. C., 421, 86 S. E., 348. The provisions of the statute must be complied with, strictly, in order that defendant may have the benefit of its provisions. Upon this principle it has been uniformly held by this Court, since the enactment of the statute by the General Assembly in 1897, that an exception to the denial of a motion

by defendant to dismiss the action, made at the close of the evidence for the plaintiff, is waived when the defendant thereafter introduces evidence. *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Gilland v. Stone Co.,* 189 N. C., 783, 128 S. E., 158; *Wooley v. Bruton,* 184 N. C., 438, 114 S. E., 628; *Bordeaux v. R. R.,* 150 N. C., 528, 64 S. E., 439. The defendant's failure to renew the motion to dismiss, at the close of all the evidence, deprives him of the right to present to this Court, on his appeal, his contention that there was error in the denial of his motion at the close of the evidence for the plaintiff, or at the close of all the evidence. So, where defendant has not moved at the close of plaintiff's evidence to dismiss the action, he cannot by such motion at the close of all the evidence, avail himself of the provisions of the statute.

The defendant in this action, however, at the close of all the evidence, and in apt time, C. S., 565, requested the court, in writing, to instruct the jury as follows:

"1. That in no view of the evidence are the plaintiffs, or either of them, entitled to recover, and therefore, the jury is instructed to answer the first issue 'No,' and that they need not answer the other issues.

"2. That the burden of all the issues is on the plaintiffs, and the court charges that there is no evidence that the defendant hospital performed the operation on the plaintiff, Bessie Penland, or that the hospital selected the surgeon or surgeons who operated on her, and therefore, the jury will answer the first issue, 'No.' "

To the refusal of the court to give these instructions, the defendant excepted, and on its appeal to this Court assigns such refusal as error, for which it is entitled to a new trial.

By its assignments of error based on its exceptions to the refusal of the court to give these instructions, the defendant presents to this Court its contention that, conceding there was evidence from which the jury could find that the surgeon or surgeons who performed the operation on the plaintiff, Bessie Penland, by which her appendix was removed, were negligent as alleged in the complaints, there was no evidence tending to show, or from which an inference could reasonably be drawn, that said surgeon or surgeons performed the operation as agent or employee, or as agents or employees of the defendant corporation, as alleged in the complaints.

All the evidence tended to show that prior to the performance of the operation, the plaintiffs, Bessie Penland and her husband, J. L. Penland, were advised by her physician that she was suffering with appendicitis, and that an operation for the removal of her appendix was necessary to give her relief; that acting upon the advice of her said physician, plaintiff agreed that the said Bessie Penland should be taken to the

hospital of defendant for said operation; that the operation was performed in said hospital by a surgeon selected and employed for that purpose, with the consent of plaintiffs, by the physician, who was attending the plaintiff, Bessie Penland. There was no evidence tending to show that said surgeon was employed or paid by the defendant corporation for said operation, or that defendant selected or recommended said surgeon as possessing the skill or professional qualifications required for the performance of the operation. The fact that the said surgeon was on the "staff" of the hospital, or that he was a stockholder and officer of the defendant corporation, did not show or tend to show that he was the agent of or was employed by the defendant. Any physician or surgeon practicing his profession in the city of Asheville, was qualified to become a member of the "staff" of said hospital, and to perform operations or treat his patients in said hospital. All the evidence tended to show that the defendant undertook only to provide facilities for the performance of the operation, and for the treatment of plaintiff, Bessie Penland, while she was recovering from the operation. There was no evidence tending to show that the defendant undertook to furnish or did furnish a physician or surgeon to perform the operation, or to care for the plaintiff while she was recovering from its effect. During the operation, and at all times subsequent thereto, she was under the care and treatment of physicians and surgeons chosen and employed by her husband, or at his request and with his consent, by her physician. Conceding that there was evidence from which the jury might infer that the surgeon who performed the operation negligently permitted gauze or packing to remain in the wound made by him in the performance of the operation (*McCormick v. Jones,* 152 Wash., 508, 278 Pac., 181, 65 A. L. R., 1019) we find no evidence from which the jury could find that defendant was liable for such negligence.

In *Pangle v. Appalachian Hall,* 190 N. C., 833, 131 S. E., 42, it is said by this Court that "there can be no question about the liability of a privately owned or corporate hospital, conducted for individual gain, and not for charitable purposes, for damages to its patients resulting from negligence attributable to the agents of such hospital. *Young v. Gruner,* 173 N. C., 622, 92 S. E., 618; *Green v. Biggs,* 167 N. C., 417, 83 S. E., 553." This principle, however, is not determinative of the right of plaintiffs to recover on this action.

In *Johnson v. Hospital,* 196 N. C., 610, 146 S. E., 573, it is said: "In the case at bar the action for damages is brought solely against the corporate defendant, and not against the surgeon who, it is alleged, negligently injured the plaintiff. It is a well recognized rule of law that corporations are liable for the negligent, wilful or malicious torts of

their servants or agents, when acting within the course and scope of their employment. *Ange v. Woodmen,* 173 N. C., 33, 91 S. E., 586; *Cotton v. Fisheries Co.,* 177 N. C., 56, 97 S. E., 712; *Clark v. Bland,* 181 N. C., 110, 106 S. E., 491; *Sawyer v. Gilmers,* 189 N. C., 7, 126 S. E., 183; *Kelly v. Shoe Co.,* 190 N. C., 406, 130 S. E., 32. The ultimate inquiry then, is whether or not Dr. Sloan, in treating the plaintiff, was acting as the servant or agent of the hospital corporation and within the course and scope of his employment. Clearly the corporation would not be liable for the negligent acts of its officers, merely because they were officers."

The facts in the instant case, as shown by all the evidence, are almost identical with those in *Johnson v. Hospital, supra,* and in accordance with our decision in that case, defendant's assignments of error based upon its exceptions to the refusal of the court to give the instructions prayed for, are sustained.

The owner of a hospital, whether an individual, firm or corporation, is not liable for damages resulting from a surgical operation, or from treatment, medical or otherwise, in said hospital, where the surgeon who performed the operation or the physician who treated the patient, was employed by the patient or by some one other than such owner, and the damages resulted from the negligence of such surgeon or physician. The owner of the hospital, when the hospital is conducted for his, their or its gain, and not for charitable purposes, is liable for such damages when they result from injuries caused by the negligence of such owner, or by the negligence of his, their or its agents, servants or employees acting within the scope of their employment. When the owner of the hospital undertakes only to furnish the facilities for the operation, or for the treatment of the patient, and the patient selects and employs the surgeon who operates on or the physician who treats the patient, such owner, although he, they or it charges for the use of the facilities furnished, is not liable for damages resulting solely from the negligence of the surgeon or physician.

"A private hospital is not responsible for any default on the part of an operating surgeon who practices his profession as an independent agent. Where a patient employs a surgeon not in the employ of the hospital, the hospital is not liable for his negligence, although the surgeon is an officer and stockholder of the hospital corporation." 30 C. J., 467. In support of the text, the author of the article entitled "Hospitals," cites *Barfield v. South Highlands Infirmary,* 191 Ala., 553, 68 So., 30, Anno. Cas., 1916C, 1097, in which it was held that where the medical and surgical treatment of a patient in an infirmary and an operation were prescribed and performed by a surgeon under an independent employment by the patient, the infirmary corporation was not

liable for his negligence, unskillfulness or other wrong, though he was a shareholder and officer of the corporation.

It is unnecessary to discuss or to decide other assignments of error on this appeal based upon exceptions to the admission of evidence offered by the plaintiffs. For error in the refusal to give the instructions prayed for by defendant, the judgments are reversed.

New trial.