EVERETT GOSNELL, By His Next Friend, S. K. GOSNELL, v. SOUTHERN RAILWAY COMPANY, BILTMORE HOSPITAL, Incorporated, and HALCYONE PARKER HILLIARD, Executrix of DR. WM. D. HILLIARD.

(Filed 17 February, 1932.)

1. **Physicians and Surgeons D b—Person employing physician is liable to injured party only for failure to use due care in selecting physician.**

   Where an employer, in recognition of his legal or moral duty, employs a physician or surgeon to attend an injured employee, the only duty which the employer owes the employee in this respect is to exercise reasonable care in the selection of the physician or surgeon, and where, in an action by the employee against the employer to recover damages for the negligent treatment of the employee by the physician selected by the employer, there is no allegation that employer failed to exercise reasonable care in the selection of the physician, a judgment dismissing the action as to such employer is correct.

2. **Hospitals C a—Hospital is not liable for negligence of physician not employed or selected by it.**

   A hospital which undertakes to furnish only the facilities for an operation or for the treatment of a patient is not responsible for the negligence of a physician chosen by the injured person or by a third person for him, and where, in an action against a hospital for damages caused by the negligence of a physician, there is no allegation that the physician was employed by the hospital or treated the patient as agent of the hospital, the action is properly dismissed as to the hospital, there being no cause of action stated against it.

3. **Judgments L b—Judgment for personal injury against tort-feasor will not bar action against physician for negligent treatment of injuries.**

   A judgment recovered against a person negligently causing a personal injury to the plaintiff will not bar an action by the plaintiff against a physician or his executrix for damages caused by the negligent treatment of such injuries by the physician, the two causes of action being separate and distinct, and the second action not arising out of the negligence alleged in the first.

APPEAL by plaintiff from *Stack, J.,* at October Term, 1931, of MADISON. Affirmed as to defendants, Southern Railway Company and Biltmore Hospital, Incorporated; reversed as to defendant, Halcyone Parker Hilliard, executrix.

This is an action to recover of defendants damages for personal injuries suffered by plaintiff, resulting from the unskillful and negligent treatment of plaintiff's broken leg by Dr. William D. Hilliard, testator of the defendant, Halcyone Parker Hilliard, executrix, such treatment having been given to plaintiff while he was in a hospital owned and operated by the defendant, Biltmore Hospital, Incorporated, pursuant to the employment of the said Dr. Hilliard by the defendant, Southern Railway Company, to treat plaintiff's broken leg, as a physician and surgeon, in said hospital.

On or about 8 August, 1926, plaintiff, one of its employees, was injured by the negligence of the defendant, Southern Railway Company. The said defendant caused the plaintiff to be taken immediately after he was injured to a hospital owned and operated by the defendant, Biltmore Hospital, Incorporated, and to be treated in said hospital professionally by Dr. William D. Hilliard, a physician and surgeon, duly licensed to practice his profession in this State. At the time he was employed by the defendant, Southern Railway Company, to treat the plaintiff, and while he was treating plaintiff in the hospital owned and operated by the defendant, Biltmore Hospital, Incorporated, Dr. Hilliard was actively engaged in the practice of his profession in Buncombe County, North Carolina.

As the result of his injuries caused by the negligence of the defendant, Southern Railway Company, plaintiff's leg was broken between the knee-joint and the hip-joint. At the request of the defendant, Southern Railway Company, and pursuant to his employment by said company, for that purpose, Dr. Hilliard undertook to treat and did treat plaintiff's broken leg, while he was in the hospital. It is alleged in the complaint and, for the purposes of this appeal, admitted by the defendants, that his treatment was unskillful and negligent, and that as the result of said unskillful and negligent treatment, plaintiff was seriously and permanently injured, to his great damage.

This action was begun on 4 January, 1928, to recover of the defendants as damages for the injuries resulting from the unskillful and negligent treatment of plaintiff's broken leg, the sum of $10,000. Since the commencement of the action, Dr. William D. Hilliard has died. His executrix, Halcyone Parker Hilliard, has been duly made a party to the action.

On 6 October, 1926, the plaintiff instituted an action in the Superior Court of Buncombe County against the defendant herein, Southern Railway Company, to recover damages for the personal injuries suffered by him, resulting from the negligence of said defendant on 8 August, 1926. That action was tried at the October Term, 1927, of the Superior

Court of Buncombe County and resulted in a judgment that plaintiff recover of the defendant, Southern Railway Company, the sum of $2,750. That judgment has been fully satisfied by the payment to the plaintiff by the Southern Railway Company of its amount.

When this action was called for trial, after the pleadings had been read, the court was of opinion that upon the facts admitted therein, as above set out, the plaintiff was not entitled to recover of the defendants, or of either of them.

From the judgment dismissing the action, in accordance with the opinion of the court, plaintiff appealed to the Supreme Court.

*John A. Hendricks for plaintiff.*

*R. C. Kelly, Guy Roberts and Jones & Ward for defendant, Southern Railway Company.*

*Johnson, Smathers & Rollins for defendants, Biltmore Hospital, Incorporated, and Halcyone Parker Hilliard, executrix.*

CONNOR, J. It is well settled in this and other jurisdictions that where an employer, in recognition of his legal or moral obligations to his employee, employs a physician or surgeon to render professional services to his employee, who is in need of such services, whether as the result of the negligence of the employer or otherwise,. the only duty which the employer owes to such employee, is to exercise reasonable care in the selection and employment of the physician or surgeon. Where the employer has exercised such care, and has employed a physician or surgeon who is duly licensed to practice his profession in this State, who is actively engaged in such practice, and who is not known to the employer as wanting in professional skill or character, the employer will not be held liable for damages resulting from the unskillful or negligent treatment of his employee by the physician or surgeon employed by him. *Barden v. R. R.,* 152 N. C., 318, 67 S. E., 971. The general rule is that an action for damages caused by the negligence or unskillfulness of a physician or surgeon engaged by one person to attend upon another, professionally, cannot be maintained against the employer, unless he was himself chargeable with a want of proper care in the selection and employment of the physician or surgeon. 19 A. L. R., p. 1183. In the absence of an allegation in the complaint in the instant case that the defendant, Southern Railway Company, failed to exercise reasonable care in the selection and employment of Dr. Hilliard to treat the plaintiff, professionally, after he was injured by the negligence of said defendant, the facts stated in the complaint are not sufficient to constitute a cause of action against the defendant, Southern Railway Company.

For this reason, there is no error in the judgment dismissing the action as to said defendant.

In *Penland v. Hospital,* 199 N. C., 314, 154 S. E., 466, it is said: "The owner of a hospital, whether an individual, firm or corporation, is not liable for damages resulting from a surgical operation, or from treatment, medical or otherwise, in said hospital, when the surgeon who performed the operation or the physician who treated the patient, was employed by the patient, or by some one other than such owner, and the damages resulted from the negligence of such surgeon or physician. The owner of the hospital, when the hospital is conducted for his, their, or its gain, and not for charitable purposes, is liable for such damages when they result from injuries caused by the negligence of such owner, or by the negligence of his, their or its agents, servants or employees acting within the scope of their employment. When the owner of the hospital undertakes only to furnish the facilities for the operation, or for the treatment of the patient, and the patient selects and employs the surgeon who operates on or the physician who treats the patient, such owner, although he, they or it charges for the use of the facilities furnished, is not liable for damages resulting solely from the negligence of the surgeon or physician." In the complaint in the instant case, it is not alleged that Dr. Hilliard was an employee of the defendant, Biltmore Hospital, Incorporated, or treated the plaintiff as the agent of said defendant. In the absence of such allegations, the facts stated in the complaint are not sufficient to constitute a cause of action against the defendant, Biltmore Hospital, Incorporated. For this reason there is no error in the judgment dismissing the action as against the said defendant.

The cause of action alleged in the complaint in this action against Dr. William D. Hilliard, upon which plaintiff demands judgment against the defendant, Halcyone Parker Hilliard, his executrix, did not arise out of the negligence of the defendant, Southern Railway Company. It arose out of and is founded upon the unskillful and negligent treatment of plaintiff's broken leg by Dr. Hilliard. The judgment recovered by the plaintiff against the Southern Railway Company in the action tried in the Superior Court of Buncombe County and fully satisfied by said company before the commencement of this action, is not a bar to plaintiff's recovery in this action against the defendant, Halcyone Parker Hilliard, executrix of Dr. William D. Hilliard. The cause of action on which said judgment was recovered is separate and distinct from the cause of action alleged in the complaint in this action. For this reason plaintiff is not barred from recovery against said defendant

in this action by said judgment. There is error in the judgment dismissing the action as to the defendant, Halcyone Parker Hilliard, executrix.

The judgment dismissing the action as to the defendants, Southern Railway Company and Biltmore Hospital, Incorporated, is

Affirmed.

As to the defendant, Halcyone Parker Hilliard, executrix, it is

Reversed.