T. F. SHOEMAKE v. SINCLAIR REFINING COMPANY, a CORPORATION, AND R. L. WALSER AND A. F. WALSER, PARTNERS, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF WALSER BROS.

(Filed 10 April, 1935.)

**1. Appeal and Error J g—**

Where it is determined on appeal that defendants' motion for judgment as of nonsuit should have been allowed, other exceptions upon which defendants rely for a new trial need not be considered.

**2. Same—**

Where there is no evidence that at the time of the injury in suit the tort-feasor was an employee of the individual defendants, it is immaterial whether the individual defendants were partners or whether the individual defendants were independent contractors with respect to the corporate defendant, since the principle of *respondeat superior* is not applicable to the facts.

**3. Automobiles D b—Evidence held insufficient to show that driver of car was employee of defendants at time of injury in suit.**

The evidence disclosed that the tort-feasor was requested and instructed to stay at a gasoline plant used in connection with defendants' business, answer the telephone and keep a record of orders for gasoline, that the tort-feasor, in response to a telephone call from his mother to come to supper, took a truck maintained at the plant to deliver gasoline, and without authorization drove the truck to his home, and in attempting to drive into the driveway near his home, collided with plaintiff's car, causing the injury in suit. *Held:* Defendants' motion for judgment as of nonsuit should have been granted, the evidence failing to show that the tort-feasor, at the time of the injury in suit, was an agent or employee of defendants, or either of them.

APPEAL by defendants from *Stack, J.,* at February Term, 1934, of MECKLENBURG. Reversed.

This is an action to recover of the defendants damages for personal injuries suffered by the plaintiff as the result of the negligence of Sink Walser, while he was driving a truck on a street in the city of Salisbury, N. C.

It is alleged in the complaint that the truck which Sink Walser was driving at the time the plaintiff was injured was owned by the defendants, and used by them in the conduct of their business; that Sink Walser, the driver of the truck, was an employee of the defendants, and was driving the truck owned by the defendants in the performance of his duties as their employee at the time the plaintiff was injured. Each of these allegations was denied by the defendants in their answers. The defendants also denied that the plaintiff was injured by the negligence of Sink Walser, as alleged in the complaint.

At the trial evidence was introduced by both the plaintiff and the defendants.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendants R. L. Walser and A. F. Walser, as alleged in the complaint? Answer: 'Yes.'

"2. Was the plaintiff injured by the negligence of the defendant Sinclair Refining Company, as alleged in the complaint? Answer: 'Yes.'

"3. What damages, if any, is the plaintiff entitled to recover of the defendants? Answer: '$8,500.'"

From judgment that plaintiff recover of the defendants the sum of $8,500, and the costs of the action, the defendants appealed to the Supreme Court, assigning as error, among other things, the refusal of the trial court to allow their motion for judgment as of nonsuit, at the close of all the evidence.

*J. C. Newell and H. L. Taylor for plaintiff.*

*J. Laurence Jones and J. L. DeLaney for defendant Sinclair Refining Company.*

*Clyde E. Gooch and Tillett, Tillett & Kennedy for defendants R. L. Walser and A. F. Walser.*

CONNOR, J. As we are of opinion that there was error in the refusal of the trial court to dismiss this action by judgment as of nonsuit, in accordance with the motion of the defendants at the close of all the evidence, we shall not discuss the assignments of error on their appeal to this Court, on which they rely in support of their contention that they are entitled to a new trial. It is immaterial whether or not the defendants R. L. Walser and A. F. Walser were partners, as contended by the plaintiff, or whether or not the relation of these defendants to

their codefendant Sinclair Refining Company was that of independent contractors, as contended by the defendants. There was no evidence at the trial tending to show that Sink Walser was an employee of the defendants, or of either of them, at the time the plaintiff was injured by the collision of the truck which Sink Walser was driving and the automobile in which the plaintiff was riding. For that reason, conceding that the collision was caused by the negligence of Sink Walser, as contended by the plaintiff, in no aspect of the case are the defendants, or either of them, liable for the damages which the plaintiff sustained as the result of his injuries. The evidence considered most favorably in support of the plaintiff's allegations and contentions with respect to the relation of Sink Walser to the defendants, or either of them, fails to show any facts to which the principle of *respondeat superior* can be applied.

Sink Walser, who was about 16 years of age at the time the plaintiff was injured, is a son of the defendant A. F. Walser, and a nephew of the defendant R. L. Walser. The last-named defendant, on 22 August, 1928, was the agent of the defendant Sinclair Refining Company, in charge of its plant at Salisbury, N. C. His brother, the defendant A. F. Walser, was employed by him to aid in the conduct of the business at said plant. Each of these defendants owned a truck which he used for the purpose of delivering gasoline from the plant of the defendant Sinclair Refining Company to customers of said plant. All the evidence shows that each of said defendants used the truck owned by him and that neither, at any time, used the truck owned by the other. After the expenses of the operation of the plant had been paid out of the commissions received by R. L. Walser from the Sinclair Refining Company, under his contract with said company, the balance was divided equally between said defendants.

During the afternoon of 22 August, 1928, the defendant R. L. Walser was at the plant of the Sinclair Refining Company in Salisbury, N. C. The defendant A. F. Walser was not at the plant that afternoon. A friend of R. L. Walser came to the plant and suggested that they attend a baseball game. R. L. Walser called his nephew, Sink Walser, by telephone, and asked him to come to the plant. When Sink Walser arrived at the plant, his uncle, R. L. Walser, asked him to remain at the plant, and while he was at the baseball game to answer the telephone and to keep a record of orders for gasoline. R. L. Walser thereupon went with his friend to the baseball game, leaving Sink Walser in charge of the plant, with instructions to answer telephone calls and to keep a record of orders for gasoline from customers of the plant. There was no evidence tending to show that R. L. Walser requested or authorized his nephew, Sink Walser, to use his truck, which was then at the plant, for any purpose.

At about 5 o'clock that afternoon his mother called Sink Walser over the telephone and requested him to come home for supper. Sink Walser, in response to his mother's request, left the plant, but instead of walking to his home, which was about eight city blocks from the plant, got into his uncle's truck and drove it in the direction of his home, which was just across the street from his uncle's home. When he reached his uncle's home, Sink Walser suddenly turned the truck to his left, for the purpose of driving it into the driveway. As he did so, the truck collided with the automobile in which the plaintiff was riding. There was evidence tending to show that the collision between the truck and the automobile was caused by the negligence of Sink Walser, the driver of the truck, as alleged in the complaint.

In the absence of any evidence tending to show that Sink Walser was driving the truck at the time of its collision with the automobile in which the plaintiff was riding as the servant, employee, or agent of the defendants, or of either of them, there was error in the refusal of the trial court to allow the motion of the defendants for judgment as of nonsuit. See *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501, and *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096.

The judgment in this action is
Reversed.