## Carter v. Harlan Hospital et al.

April 28, 1939.

ROSE & ROSE for appellant.

J. B. SNYDER• for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

.Appellant, Nannie Carter, filed this malpractice action against Harlan. Hospital, Incorporated, and Dr. W. P. Cawood, alleging that they performed an abdominal operation on her and carelessly left a pair of forceps in her abdominal cavity; that one prong of these forceps became detached from the other and worked its way through the intestines and was discharged through the rectum; that the other prong of the forceps remained in the abdominal cavity, requiring another operation for the removal thereof, and that as a result of this negligence on their part she suffered great mental pain and anguish. Issue was joined and on trial before a jury the lower court directed a verdict for the Harlan Hospital. The jury found for the defendant, Dr. W. P. Cawood, and judgment was entered dismissing plaintiff's petition, from which judgment she appeals.

The case was tried at the October, 1936, term of the Harlan Circuit Court. . Motion and grounds for a new trial were overruled on October 26 and the plaintiff was given until and including the sixth day of the next term of court (November term) to file a bill of exceptions.

On the third day of the November term, (November 25) the plaintiff filed motion that she be allowed an extension of time to the seventeenth day of the November term in which to file a bill of exceptions, and in· support thereof filed the affidavit of the official stenographer, who reported the case, that she had not had time to pre-

pare a bill of evidence in time to file same on the third day of the November term and that she would need additional time in which to prepare same. The record does not disclose any action taken by the court on the plaintiff's motion to extend the time in which to file the bill of exceptions to the seventeenth day of the November term, the only showing as to this being that the cause was submitted on this motion. On the fourteenth day of the November term, December 8, 1936, the court on motion of the plaintiff extended the time for filing bill of exceptions to the fifteenth day of the next regular term.

It will thus be seen that while the bill of exceptions under the original order was due to be filed by the sixth day of the November term, and after the sixth day of the term had passed with no order extending the time for filing to a later day in that term, the trial court on the fourteenth day of the term, after the bill was due, with time not extended, entered an order extending the time for filing to a day in the next term. The only basis for the court's action in extending time to a day in the succeeding term was the affidavit of the official stenographer that she was unable to prepare the bill of evidence by the sixth day of the November term. It will be observed that this affidavit which prompted the court to extend the time to a day in the next term did not state that the stenographer would be unable to prepare the bill of evidence during the November term. In S. K. Jones Construction Company, et al. v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482, and in Hurley, et al. v. Greif, 272 Ky. 741, 115 S. W. (2d) 284, it was held that the trial court has no authority to extend the time for filing the bill of exceptions beyond the next succeeding term after the judgment is rendered, in the absence of a showing of some casualty or misfortune preventing the filing of the bill within the time given.

At the November, 1936, term the court had power, even without the affidavit of the official stenographer, to extend the time for filing the bill of exceptions to a later day in that term but could only extend the time to a day in the next succeeding term by some showing of casualty or misfortune making it apparent that it was impossible for the bill to be prepared and filed during the November term. The affidavit filed showed no such casualty or misfortune—it only showed that the stenographer was unable to prepare the transcript of evidence

by the sixth day of the term. As it did not appear that the stenographer could not prepare the bill of evidence before the expiration of the November term, clearly the court was not justified in extending the time to a day in the succeeding term. This would be true even though the record showed that the time for filing the bill had been extended to the fourteenth day of the term, the day on which the order was made extending the time to the succeeding term. As we have indicated above, however, no order of the court is shown in the record extending the time to a day in the November term later than the sixth day.

For the reasons given, the appellees' motion to strike the bill of exceptions from the record must be sustained. When this is done the only question left is whether or not the pleadings support the judgment. There can be no question as to this, as the allegations of appellant's petition and amended petitions were denied by appellees.

We might add that we have examined the entire record and the result would be the same, even though we overruled appellee's motion to strike the bill of exceptions.

The only errors urged in the brief are: (1) Error of the court in directing a verdict for the Harlan Hospital, and (2) error in the instructions.

There was not the slightest evidence in the record justifying a submission of the case to the jury as to the Harlan Hospital. No contract was proven with the hospital to perform a surgical operation on appellant, nor is there any evidence that any agent of the hospital did so. The evidence discloses that she was operated on in that hospital by Dr. Cawood and other doctors. The fact that Dr. Cawood and the others owned stock in the hospital makes no case against the hospital.

Appellant's complaint as to the instructions is without merit because the bystanders' bill of exceptions shows that the only instructions given were instructions Nos. 1, 2 and 3, and that these instructions were given on motion of the plaintiff. The appellant is certainly in no attitude to complain of error in instructions offered by her.

Judgment affirmed.