M. T. LINDSEY AND EUNICE LINDSEY, ADMINISTRATRIX OF THE ESTATE OF M. T. LINDSEY, DECEASED, v. E. G. LEONARD AND BURNETTE HOME SUPPLY COMPANY.

(Filed 1 February, 1952.)

**1. Automobiles § 24a—**

The driver must be the agent or employee at the time of and in respect to the very transaction out of which the injury arose in order to hold the principal or employer liable for his negligent operation of the vehicle.

**2. Principal and Agent § 13c—**

Allegations in defendant's answer that the driver of the car was under contract with defendant to sell defendant's merchandise on a commission basis does not tend to show the existence of the relationship of principal and agent between defendant and the driver, and is properly excluded from evidence on the ground of irrelevancy.

**3. Same: Evidence § 42d—**

An admission in the answer of the alleged agent that at the time in question he was a representative of his codefendant is incompetent as evidence against the codefendant, since it amounts to no more than a declaration of the alleged agent as to the fact of agency.

**4. Automobiles § 24½ c: Principal and Agent § 13c—**

Evidence that shortly after the accident, merchandise of defendant was found in the car of the alleged agent who stated that he was selling the articles for defendant, *held* properly excluded.

**5. Automobiles § 24½ e—**

Evidence tending to show a contract under the terms of which goods of defendant were consigned to an individual to be sold on a commission basis, that the individual owned and used his own automobile, that the defendant furnished no transportation and paid no expenses incident to the operation of the car and had no control over the individual or his employees, *held*

insufficient to show the existence of the relationship of principal and agent between defendant and the individual, and nonsuit was proper upon the issue of *respondeat superior*.

APPEAL by plaintiff from *Sharp, Special Judge,* April Term, 1951, ALAMANCE.

Civil action to recover damages for injuries resulting from the alleged negligent operation of an automobile.

M. T. Lindsey, who instituted this suit, is now dead and his administratrix has been properly made the plaintiff and has adopted the complaint as filed. The defendant, E. G. Leonard, has also died since this action was commenced and the action as to him has abated, so that the action is now prosecuted by the administratrix of M. T. Lindsey against Burnette Home Supply Company.

The pertinent facts are as follows: On 12 January, 1946, at about 4 o'clock p.m., plaintiff's intestate was driving his Chevrolet coupe automobile in a southerly direction along South Main Street in the town of Graham, North Carolina. At the same time, E. G. Leonard in his Chevrolet automobile approached South Main Street from an easterly direction along Gilbreath Street. Upon entering South Main Street Leonard turned to the right so that his automobile passed across the center line of South Main Street some 3 to 5 feet. At this moment the Lindsey car was within 10 or 15 feet of the Leonard car and Lindsey pulled to the right and off the hard-surfaced portion of the highway, so that he traveled 15 or 20 feet on the muddy shoulder. When he pulled back on the highway, his car skidded some 25 or 30 feet down the highway and went off the road into a ditch on the left. Lindsey was pinned under his car and suffered injuries. Both cars were traveling about 20 to 25 miles per hour. The cars did not make physical contact and Leonard was not seen to stop his car at the scene of the accident. South Main Street and N. C. Highway 87 are identical and straight at the point of the accident.

Plaintiff offered to prove by a witness who went to Leonard's home after the wreck at "about dusky dark" that witness saw a Chevrolet coach at Leonard's home, the back part of which automobile was filled with blankets and bedspreads. Leonard stated to the witness that the merchandise in his car belonged to Burnette Home Supply Company and that he was selling it for the Company. This evidence was excluded by the court and plaintiff excepted.

Plaintiff then offered J. G. Burnette, one of the partners of Burnette Home Supply Company, who testified that the Company was engaged in selling general merchandise by house to house canvass from its place of business in Raleigh; that Leonard was working for the Company on 12 January, 1946, but witness had no record that he had called upon customers on that date; that Leonard made a report to the Company at

no specified time, but generally once a week; that he generally called upon his customers by the use of a car in which he carried samples and goods; that sometimes the salesmen would deliver at the time of the sale, but witness did not know whether Leonard delivered when he made sales or just took orders; that such goods as Leonard had in his car on 12 January, 1946, were, according to witness, consigned to him as samples and belonged to the Company until sold and paid for; that under the contract between Leonard and the Company, Leonard was not restricted to any territory. He could sell anywhere he desired. He was paid strictly on commission. The Company had no control over his hours, nor a right to hire or fire his employees. It had no control over the manner in which he made the sales, and made no requirements as to the number of days he should work in any given space of time. Leonard was authorized to sell the goods and to collect for the same. The Company did not furnish him any kind of transportation nor did it give directions as to the kind of transportation he was to use. The Company did not own the car driven by Leonard, nor did it bear any part of the expense. Leonard was not allowed to charge anything connected with the expense of his car to the Company.

At the close of plaintiff's evidence, a nonsuit was entered from which plaintiff excepted and appealed, assigning errors.

*J. Elmer Long, Thos. C. Carter, and Clarence Ross for plaintiff, appellant.*

*Smith, Sapp, Moore & Smith for defendant, appellee.*

VALENTINE, J. There is some evidence of negligence and of causative relation between the operation of the automobile by Leonard and the injury sustained by Lindsey, but the *quantum* of evidence on these points is not the pressing question here.

Plaintiff seeks to recover of the defendant, Burnette Home Supply Company, on the doctrine of *respondeat superior* for injuries sustained by her intestate in the accident. The Company denies all the essential allegations of the complaint. Plaintiff is, therefore, put to proof of every fact necessary to support her cause of action. This raises the question, is there evidence sufficient to warrant a submission of the case to the jury on the theory of liability under the doctrine of *respondeat superior?*

The record discloses that there was a contract between Leonard and the Company under the terms of which goods were consigned to Leonard by the Company to be sold on a commission basis. Leonard owned and used his own automobile. The Company furnished no transportation, paid for no expenses incident to the operation of his car, and had no control over him or his employees. There is no evidence tending to show that at the

time of the injury to plaintiff's intestate Leonard was attempting to sell any goods for himself, the Company, or anybody else.

"The doctrine of *respondeat superior* applies only when the relation of master and servant, employer and employee, or principal and agent is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong, at the time and in respect to the very transaction out of which the injury arose. This is so well recognized that it may be said to be axiomatic. . . . In *Linville v. Nissen,* 162 N.C. 95, 77 S.E. 1096, the Court, quoting from *Durham v. Straus,* 38 Pa. Sup. Ct. 621, said: 'The plaintiff must not only show that the person in charge was defendant's servant, but the further fact that he was at the time engaged in the master's business.' . . . They settled the question in this jurisdiction. In every case, since decided, in which the question has been at issue, the Court has held that to charge the owner of a motor vehicle for the neglect or default of another there must be some evidence of the agency of the driver at the time and in respect to the transaction out of which the injury arose, and that proof of ownership alone is not sufficient to warrant or support an inference of such agency." *Carter v. Motor Lines,* 227 N.C. 193, 41 S.E. 2d 586.

Plaintiff based an exception upon the court's refusal to receive from the answer of Burnette Home Supply Company the following language: "that during the times alleged in the complaint there was existing between E. G. Leonard and Burnette Home Supply Company a contract whereby the said E. G. Leonard was to sell goods and merchandise for Burnette Home Supply Company on a commission basis." This language does not tend to prove the existence of a relationship of master and servant or employer and employee. *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137. It is of no probative value to the plaintiff and therefore irrelevant and properly excluded.

Plaintiff also excepted to the court's failure to allow her to introduce from the answer of Leonard this language: "It is admitted that at this time the defendant was the representative of his co-defendant Burnette Home Supply Company." This was no more than an effort to prove agency by a declaration of an alleged agent and was upon that ground properly excluded. *Hubbard v. R. R.,* 203 N.C. 675, 166 S.E. 802; *Darlington v. Telegraph Co.,* 127 N.C. 448, 37 S.E. 479; *Pangle v. Appalachian Hall,* 190 N.C. 833, 131 S.E. 42; *Howell v. Harris,* 220 N.C. 198, 16 S.E. 2d 829.

The plaintiff offered proof that the back seat of the Chevrolet automobile found at Leonard's home about dusk dark on the day of the accident was filled with blankets and bedspreads and that Leonard there made the statement that he was selling the articles for the Company. This language was also properly excluded by the court. In *Tribble v. Swinson,*

213 N.C. 550, 196 S.E. 820, there was evidence that the car involved in the collision was practically filled with sandwiches and all kinds of cakes, which were the products of the defendant, Swinson Food Products Company, but there was, as in the instant case, no evidence that the driver of the automobile at the time of the collision was the agent or servant or acting within the scope of the employment of the defendant sought to be charged. In the *Tribble case,* the Court said: "The evidence for the plaintiff fails to make out a *prima facie* case on the essential facts necessary under the doctrine of *respondeat superior* to hold the defendant Swinson responsible for the alleged negligent acts or tort of the defendant Vita."

The essential facts necessary for the establishment of liability upon the doctrine here invoked have been stated in a long line of decisions, some of which are: *Linville v. Nissen, supra; Grier v. Grier,* 192 N.C. 760, 135 S.E. 852; *Martin v. Bus Line,* 197 N.C. 720, 150 S.E. 501; *Jeffrey v. Mfg. Co.,* 197 N.C. 724, 150 S.E. 503; *Cole v. Funeral Home,* 207 N.C. 271, 176 S.E. 553; *Van Landingham v. Sewing Machine Co.,* 207 N.C. 355, 177 S.E. 126; *Shoemake v. Refining Co.,* 208 N.C. 124, 179 S.E. 334; *Parrish v. Mfg. Co.,* 211 N.C. 7, 188 S.E. 817; *Liverman v. Cline,* 212 N.C. 43, 192 S.E. 849.

Measuring the plaintiff's evidence by the standard laid down by this Court, plaintiff's evidence was insufficient to take the case to the jury. The judgment of the court below is

Affirmed.