196 So.2d 179 (1967)
Clyde A. SNEAD, Appellant,
v.
LE JEUNE ROAD HOSPITAL, INC., Appellee.
No. 66-406.
District Court of Appeal of Florida. Third District.
March 7, 1967.
Rehearing Denied March 28, 1967.
Shevin, Goodman & Holtzman and Jerome H. Shevin, Miami, for appellant.
Dean, Adams, George & Wood and Anthony Reinert, Jeanne Heyward, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
Appellant filed an action sounding in tort against the appellee-hospital and the appellee, Chambers, a physician. The complaint against the physician was in the nature of medical malpractice. The complaint against the hospital was premised upon the doctrine of respondeat superior, and alleged negligence in the hospital permitting the physician to perform operations on its premises. A summary judgment was rendered in favor of the hospital. The cause against the physician is still pending in the trial court.
Upon review, the appellant urges error in the summary judgment in favor of the hospital, contending that the hospital was liable under one or both of the above theories,[1] and relies heavily upon the recent cases of Holl v. Talcott, Fla. 1966, 191 So.2d 40; Scanlon v. Litt, Fla. 1966, 191 So.2d 553; Visingardi v. Tirone, Fla. 1967, 193 So.2d 601; Hoder v. Sayet, Fla.App. 1967, 196 So.2d 205 (opinion filed January 31, 1967). We have reexamined these authorities and others cited by the appellant and, on the state of the record and briefs before us, fail to find error in the entry of the instant summary final judgment. It is apparent that the appellant did not charge the hospital with active negligence causing the alleged injury, but bottomed its case principally upon the doctrine of respondeat superior and negligence in permitting the physician to use the facilities of the hospital. No error has been made to appear in these respects. See: Barfield v. South Highland Infirmary, 191 Ala. 553, 68 So. *180 30; Mayers v. Litow, 154 Cal. App.2d 413, 316 P.2d 351; Black v. Fischer, 30 Ga. App. 109, 117 S.E. 103; Stacy v. Williams, 253 Ky. 353, 69 S.W.2d 697; Carter v. Harlan Hospital, 278 Ky. 84, 128 S.W.2d 174; Johnson v. City Hospital Co., 196 N.C. 610, 146 S.E. 573; Penland v. French Broad Hospital, Inc., 199 N.C. 314, 154 S.E. 406; Gosnell v. Southern Ry. Co., 202 N.C. 234; 162 S.E. 569; Stewart v. Crook Sanatorium, 17 Tenn. App. 589, 69 S.W.2d 259; Kuglich v. Fowle, 185 Wis. 124, 200 N.W. 648.
Therefore, for the reasons above stated, the summary final judgment here under review is hereby affirmed.
Affirmed.
NOTES
[1] Appellant attempted to urge active negligence on the part of the hospital, but failed to preserve these points on appeal. See: Vaughn v. Smith, Fla. 1957, 96 So.2d 143; Williams v. Williams, Fla.App. 1965, 172 So.2d 488; 2 Fla.Jur., Appeals, § 117, p. 458, n. 10.