Louis Bauer and Martha Bauer were duly married and some time thereafter a decree of absolute divorce was procured. Subsequently Martha Bauer married George Holl. Louis Bauer and Martha Bauer had a son named George Bauer. The son went with the mother after the divorce proceedings, and assumed the name of Holl after the remarriage of his mother, and is hereafter referred to as George Holl. Louis Bauer, father of the said George Holl, had been married previously to his marriage with Martha Bauer, mother of George Holl, and had a son named Louis Bauer, Jr. After the divorce between Louis Bauer and Martha Bauer (subsequently Martha Holl), the said Louis Bauer married Katherine Fisher, who was his legal wife at the time of his death. At the time of the death of Louis Bauer he left surviving two sons, to wit, Louis Bauer, Jr., and George Holl, and his widow, Katherine Bauer. George Holl was a soldier in France and held a policy of was risk insurance, amounting to $10,000, in which no beneficiary was designated in the event of his death. George Holl died in France in February, 1919, intestate, unmarried, and without issue. Upon the death of said soldier the United States Veterans' Bureau awarded one-half of said insurance to Martha Holl, mother of said George Holl, and one-half to Louis Bauer, Sr., father of said George Holl, to be paid in monthly installments of $28.85 each. Louis Bauer, Sr., died intestate on 9 August, 1928. Thereafter, Mary E. Bauer qualified as administratrix of said Louis Bauer, Sr., and Henry A. Grady, Jr., plaintiff herein, qualified as administratord. b. n. of George Holl, the deceased soldier. The commuted value of the remaining installments due Louis *Page 667 
Bauer, Sr., amounting to $3,045.00 was paid to Henry A. Grady, Jr., debonis non of said George Holl, deceased, and said administrator now holds said money. Martha Holl, mother of George Holl, claims said sum of money less the costs and expenses of administration as the sole heir and distributee of her son, George Holl. Mary E. Bauer, administratrix of Louis Bauer, Sr., claims the said sum of money under the intestacy laws of the District of Columbia. The cause was duly heard and the trial judge ordered and decreed that the said sum of money belonged to the estate of Louis Bauer, Sr., deceased, subject only to the cost of administration upon the estate of said George Holl, and the court further ordered the plaintiff administrator to pay the fund to Mary E. Bauer, administratrix of Louis Bauer, Sr., deceased, to be administered in accordance with the laws of the District of Columbia, where said Louis Bauer, Sr., died.
From judgment rendered Martha Holl appealed.
This Court has held that under policies of war risk insurance, the distributees of the deceased soldier are to be ascertained at the date of the death of the soldier in accordance with the intestate laws of the State in which the soldier lived. That is to say, that the right of property of a deceased soldier under such policies is determined by the intestate laws of such State at the time of the death, although the right of enjoyment may then be outstanding in a statutory beneficiary. The majority of the cases can be harmonized by recognizing the distinction between the right of property and the right of enjoyment. Indeed the identical question presented by the record has been expressly decided In re Estate of Pruden,ante, 256, and upon authority of such decision the judgment is
Affirmed.