MRS. WARDY HEADEN v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 11 July, 1934.)

1. **Insurance I b—Right to avoid policy for misrepresentations in application held determined adversely to insurer by jury's verdict.**

The jury found from the evidence that insured had not been attended by a physician for serious disease within two years prior to making application for the policy, and that insured had not had any serious disease of heart or kidneys prior to such application. The only defense interposed by insurer was that insured had made misrepresentations in her application relating to the matters passed upon by the jury. *Held,* plaintiff was entitled to recover, the verdict of the jury being determinative of the rights of the parties.

2. **Appeal and Error A a: J b—**

The verdict of the jury upon conflicting, competent evidence, and the refusal of the trial court to set aside the verdict as being against the weight of the evidence are not subject to review upon appeal.

3. **Appeal and Error K f—**

Where judgment for plaintiff is affirmed on appeal under an erroneous belief that a verdict had been directed in plaintiff's favor, a petition to rehear will be granted for the purpose of affirming the judgment upon the verdict of the jury.

SCHENCK, J., took no part in the consideration or decision of this case.

PETITION to rehear this case, reported *ante, 270.*

The action is to recover on a policy of life insurance, issued 28 July, 1930, and providing that "if the insured is not in sound health on the date hereof," or if "within two years before the date hereof," the insured has "been attended by a physician for any serious disease or complaint," or before said date, has had any "disease of the heart, liver or kidneys," not specifically recited in the space for endorsements, "then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company."

The defendant offered evidence tending to show that the insured was not in sound health when the policy was issued; that within two years prior thereto she had been attended by physicians for serious diseases, and that before said date, she had had diseases of the heart, liver and kidneys.

The policy was issued without medical examination of the insured, and defendant's agent at the time of soliciting the applicant, on being invited to have a physician examine her, if he doubted the risk, stated he was "going to take a chance on the old lady." Premiums were paid during the life of the insured. No fraud is pleaded or suggested.

The case was tried upon the following issues:

"1. Was said Salem Knuckley attended by a physician or physicians for any serious disease or complaint within two years before 28 July, 1930? Answer: No.

"2. Had said Salem Knuckley had any disease of the heart or kidneys before 28 July, 1930? Answer: No.

"3. What amount, if any, is plaintiff entitled to recover of defendant? Answer: $320.00, with interest from November, 1931."

The court instructed the jury to answer the first two issues "Yes," if they found "the evidence as testified by the witnesses for the defendant and the record evidence"; and to answer them "No," if they did "not find the facts as testified by those witnesses."

Judgment on the verdict, from which the defendant appeals.

*J. D. McCall for plaintiff.*
*Cansler & Cansler and R. M. Gray, Jr., for defendant.*

STACY, C. J. The burden of the petition to rehear is, that the clause in the policy, "or in case of any claim under this policy," liability shall be limited, etc., is not affected by the provision, "nor shall payment be resisted on account of any misrepresentation as to the physical condition of the applicant, except in cases of fraud," C. S., 6460, and for this

position the cases of *Reinhardt v. Ins. Co.*, 201 N. C., 785, 161 S. E., 528, and *Gilmore v. Ins. Co.*, 199 N. C., 632, 155 S. E., 566, are cited as controlling authorities.

The plaintiff, on the other hand, contends that the case is governed by the decisions in *Potts v. Ins. Co., ante,* 257; *Holbrook v. Ins. Co.*, 196 N. C., 333, 145 S. E., 609, and *McNeal v. Ins. Co.*, 192 N. C., 450, 135 S. E., 300.

The record does not call for a determination of the point. The jury rejected the defendant's evidence, and, on the verdict, the plaintiff is entitled to recover. The questions debated on brief and in the certificate of counsel are not before us for decision. It is not a matter for review on appeal that the jury declined to believe the evidence of one of the parties, or that the trial court refused to set aside the verdict as against the weight of the evidence. *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686.

We were originally in error in thinking that a verdict had been directed for the plaintiff. The inadvertence, however, was not against the appellant, but rather in its favor. The case was brought back in order that it might be permitted to go off on the jury's findings—the course it should have taken in the first instance. Thus, while the decision is placed upon other grounds, the result is the same. For this purpose only is the

Petition allowed.

Schenck, J., took no part in the consideration or decision of this case.