RENA WARREN v. PILOT LIFE INSURANCE COMPANY.

(Filed 3 November, 1937.)

1. Insurance § 41—

The double indemnity clause in this policy of insurance provided that the benefits under this clause should be null and void if insured's death should result from injuries inflicted intentionally by another person. *Held:* Insurer has the burden of proving facts bringing the case within the proviso.

2. Same—In action on double indemnity clause, instruction held erroneous as requiring insurer to prove third person intentionally killed insured.

Where a double indemnity clause in a policy of insurance provides that benefits thereunder should be null and void if insured's death should

result from injuries inflicted intentionally by another, insurer is required to prove only that the fatal injuries were intentionally inflicted by another, and an instruction requiring insurer, in effect, to prove that such third person was present with the intention of assaulting insured's companion, and intentionally killed insured to prevent interference with his nefarious purpose, is erroneous as requiring insurer to prove the purpose and intent to kill on the part of such third person.

APPEAL by defendant from *Daniel, J.*, at May Term, 1937, of PITT.

Action to recover on policy of insurance.

On 1 July, 1935, defendant issued and delivered to Alexander Warren a policy of life insurance for $2,500.00, in which the plaintiff was named as beneficiary. The policy provided, among other things, that: "Upon receipt of satisfactory proof that . . . the insured . . . has sustained bodily injury resulting in death . . . through external, violent and accidental means . . . the company will pay in addition to the face amount of this policy the sum of $2,500. The agreement as to benefits under this provision shall be null and void if death shall have resulted from bodily injuries inflicted intentionally by another person. . . ."

Warren, the insured, was shot to death on the night of 28 February, 1936.

Plaintiff contends that the death was "through external, violent and accidental means" and within the meaning of the said provision of the policy. Defendant pleads as defense and bar to the right of plaintiff to recover that the death "resulted from bodily injuries inflicted intentionally by another person."

The evidence tended to show that Warren, accompanied by the young lady to whom he was engaged, had parked his automobile on a road near the fair ground at Greenville. As he was in the act of dialing the radio in his car the right-hand door of the automobile was suddenly opened by a man who grabbed the young lady around the neck with his left arm. The man had a pistol in his right hand pointed in the car and almost instantly the pistol fired; the bullet struck Warren in the right breast and he died instantly. The man dragged the young lady out into a field, threatened her, went back and looked in the car, then returned to where she was, dragged her farther into the field, partially disrobed her, and ran away when the lights of an approaching automobile shone on the spot. It was contended that the man was bent upon criminally assaulting the lady. Later the man was arrested, identified as Willie Tate, and indicted for murder. In the trial the young lady was a witness for the State. On the trial of the instant case she testified as to what occurred at the time Warren was shot. She was examined as to the report of her testimony given in the murder trial. She admitted the correctness of the report.

The court submitted the following as the first issue: "Was the death of Alexander Warren the result of bodily injuries intentionally inflicted by another person, as alleged in the answer?" The jury answered the issue "No."

From adverse judgment defendant appealed to the Supreme Court, and assigned error.

*H. Hannah, Albion Dunn, Gaylord & Brown for plaintiff, appellee.*
*Smith, Wharton & Hudgins and J. B. James for defendant, appellant.*

WINBORNE, J. We are of opinion that exception to a portion of the charge relating to the first issue is well taken.

Where, as in this case, the defendant insurer seeks to avoid liability under a policy of life insurance on the ground that the policy contains provision that it shall be null and void if death of insured resulted from bodily injuries intentionally inflicted by another, the burden rests upon the defendant to prove facts bringing the case within that provision. The court properly charged the jury to this effect. But, after reviewing contention of the defendant that the assailant, intending to commit a criminal assault upon the young lady, had the motive to kill Warren, the insured, to prevent interference with his nefarious purpose, the court charged the jury as follows: "And if the evidence does so satisfy you gentlemen, by its greater weight, upon a fair and honest consideration of it, that this man was there for that evil purpose, intentionally killed young Warren, shot him and killed him, then you should answer the first issue 'Yes.' Unless you are so satisfied you should answer it 'No.' "

The charge is subject to challenge in that it is susceptible of creating the impression that before the jury could answer the first issue in the affirmative the defendant must have satisfied the jury, by the greater weight of evidence, of two facts: (1) That the assailant was there for the evil purpose of criminally assaulting the young lady, and (2) that the assailant intentionally killed Warren—that an intent to kill must be shown. The inquiry is as to the *intent to inflict bodily injury* which resulted in death.

As the case goes back for a new trial for error in the charge, other exceptions upon which the defendant relies for new trial need not be considered. *Shoemake v. Refining Co.,* 208 N. C., 124, 179 S. E., 334; *Callahan v. Roberts, ante,* 223.

New trial.