RACHEL BRITTAIN WHITAKER v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

(Filed 13 April, 1938.)

1. **Insurance §§ 39, 41—Erroneous instruction as to liability on double indemnity provision held not cured by verdict.**

The policy in suit provided for payment of double indemnity in the event insured died of injuries inflicted through external, violent and accidental means, provided such injuries were not self-inflicted, or intentionally inflicted by another. The determinative issues submitted to the jury were, first, as to whether the injuries causing death were intentionally inflicted by another; second, whether they were self-inflicted; and third, whether death resulted from injuries effected solely through external, violent and accidental means. On the third issue the court inadvertently instructed the jury that if insured died of a gunshot wound "intentionally inflicted by" another, the law would regard this as by accidental means, and upon such finding plaintiff would be entitled to double indemnity. *Held:* The negative finding by the jury to the first two issues does not render the erroneous instruction on the third issue harmless, since the third issue is the only one which imports liability under the double indemnity clause.

2. **Appeal and Error § 39b—**

An erroneous instruction on one issue cannot be cured by the answers to other issues submitted when the issue to which the error related is the one determinative of the rights of the parties.

3. **Insurance § 13: Contracts § 8—**

The parties are bound in accordance with the terms, provisions and limitations set out in their agreement.

APPEAL by defendant from *Alley, J.,* at November Term, 1937, of HENDERSON.

Civil action to recover on double indemnity clause in policy of life insurance.

On 15 October, 1925, the defendant issued to Joseph Denham Whitaker a policy of life insurance in the face amount of $2,000, payable to plaintiff as beneficiary, and containing double indemnity clause, pertinent provisions of which follow:

"The company will pay the beneficiary . . . double the face amount of this policy . . . provided death results . . . from bodily injury effected solely through external, violent, and accidental means. . . . Except these provisions do not apply . . . in case death results from bodily injury inflicted by the insured himself or intentionally by another person."

The insured was game warden of Henderson County. On the night of 14 November, 1936, he was at a cabin in the vicinity of Pisgah

National Forest for the purpose of apprehending persons unlawfully spotlighting deer. About 4:30 a. m. he was awakened by an automobile which stopped almost in front of the cabin, and with a high-powered spotlight was searching the fields below. The insured and his brother, half-clad, each with pistol in hand, left the cabin and approached the car, the insured being in front,, and as he came up on the driver's side said to the occupants, "Hello, fellows." Whereupon the car surged forward, and immediately a flash of fire was seen, a shot was heard, and the insured stepped backward and said to his brother, "I'm shot," and died immediately thereafter.

Upon denial of double liability, and issues joined, the jury answered the determinative issues as follows:

"1. Did the death of the insured result from bodily injuries intentionally inflicted by another person, as alleged in the answer? Answer: 'No.'

"2. Did the death of the insured result from bodily injury inflicted by himself, as alleged in the answer? Answer: 'No.'

"3. Did the death of the insured result directly and independently of all other causes from bodily injuries effected solely through external, violent, and accidental means while the insured was sane and sober, as alleged in the complaint? Answer: 'Yes.'"

The trial court instructed the jury on the third issue that if the insured died from a pistol or gunshot wound, "intentionally inflicted by some occupant of said car," the law would regard this as by accidental means, and upon such finding they would award double the face amount of the policy. Exception.

Judgment on the verdict for plaintiff from which the defendant appeals, assigning errors.

*M. M. Redden for plaintiff, appellee.*
*Smith, Wharton & Hudgins, J. E. Shipman, and Harkins, Van Winkle & Walton for defendant, appellant.*

STACY, C. J. By the express terms of the policy in suit the double indemnity clause is not to apply in case "death results from bodily injury inflicted . . . intentionally by another person." *Jolley v. Ins. Co.,* 199 N. C., 269, 154 S. E., 400; *Matson v. Trav. Ins. Co.,* 74 Am. St. Rep., 368. It is conceded that the trial court was inattentive to this provision in charging the jury on the third issue. *Warren v. Ins. Co.,* 212 N. C., 354. The contention is advanced, however, that, in view of the answers to the first and second issues, the submission of the third issue was unnecessary, and any error committed in respect thereof should be regarded as harmless. *Bradshaw v. Ins. Co.,* 208 N. C., 214, 179

S. E., 665. The difficulty with this suggestion lies in the fact that the third issue is the only one which imports liability under the double indemnity clause, and death resulting from "bodily injury inflicted intentionally by another person" is not covered by the clause, but comes directly within the exception appearing therein. *Clay v. Ins. Co.,* 174 N. C., 642, 94 S. E., 289.

The meaning of the policy is not in dispute nor the law applicable thereto. The contract is of the making of the parties. They have agreed upon its terms, provisions, and limitations. "As a man consents to bind himself, so shall he be bound." *Allsbrook v. Walston,* 212 N. C., 225, 193 S. E., 151; Elliott on Contracts (Vol. 3), sec. 1891. Such is the simple law of contracts. *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 565; *Headen v. Ins. Co.,* 206 N. C., 860, 175 S. E., 282. The defendant is entitled to have the issues submitted to the jury under a charge free from error. *Warren v. Ins. Co., supra.* To this end a new trial must be awarded. It is so ordered.

New trial.