RENA WARREN v. PILOT LIFE INSURANCE COMPANY.

(Filed 12 April, 1939.)

**1. Insurance § 41—Burden of proof in actions on double indemnity clauses.**

Where, in an action to recover double indemnity under the terms of a policy of life insurance, plaintiff shows the unexplained death of insured by violence, insurer seeking to avoid liability on the ground that death resulted from bodily injuries intentionally inflicted by another, has the burden of going forward with the evidence, but the burden of the issue of death by accidental means remains upon plaintiff.

**2. Same—**

The instruction of the court on the question of the burden of proof in this action to recover double indemnity under the terms of a life insurance policy *is held* not error in view of the pleadings.

**3. Appeal and Error § 49a—**

The decision of the court upon a former appeal becomes the law of the case and is controlling upon the subsequent hearing and upon subsequent appeal.

**4. Insurance § 41: Evidence § 29—**

In an action to recover double indemnity under the terms of a life insurance policy the record and judgment in a criminal prosecution of another for murder of deceased insured is incompetent, plaintiff beneficiary not being bound by the verdict and judgment therein or estopped thereby to show that in fact the death of insured was caused by accidental means.

**5. Insurance § 41: Evidence § 45—Admission of testimony by witness as to fact beyond her personal knowledge held prejudicial error.**

In an action to recover double indemnity under the terms of a life insurance policy, testimony of a witness that the person inflicting the fatal injury was a stranger to deceased insured *is held* incompetent as being of a fact beyond the personal knowledge of the witness, and prejudicial to the insurer as tending to support plaintiff beneficiary's contention that the shooting of the insured was accidental rather than intentional.

**6. Same—**

In an action to recover double indemnity under the terms of a policy of life insurance, testimony of a witness that the assailant who fatally shot deceased insured first pointed the gun in her face and that if she had not struck up her arm the bullet would have struck her, *is held* incompetent, since she could not testify to her own knowledge that the assailant would have shot her or that he intended to do so.

**7. Insurance § 41—**

In an action to recover double indemnity under the terms of a policy of life insurance the issue is whether insured's death resulted "from external, violent, and accidental means" within the policy provisions, and an issue as to whether death resulted from bodily injuries intentionally inflicted by another does not determine insurer's liability.

APPEAL by defendant from *Frizzelle, J.,* at September Term, 1938, of PITT. New trial.

This case was here at Fall Term, 1937, and is reported in 212 N. C., 354, 193 S. E., 293, where the facts sufficiently appear. The action was instituted to recover double indemnity under the accident insurance provisions of a policy issued by defendant on the life of Alexander Warren.

From judgment upon an adverse verdict, defendant appealed.

*H. Hannah, Jr., and Albion Dunn for plaintiff.*
*Smith, Wharton & Hudgins and J. B. James for defendant.*

DEVIN, J. The questions presented by this appeal relate principally to the court's instructions to the jury on the burden of proof, and to the court's rulings as to the admission of testimony, to which exceptions were noted.

Appellant contends that the court erred in charging the jury that the burden of proof as to the determinative issue of defendant's liability for double indemnity, upon the pleadings in the case, was upon the defendant. There is a distinction, with respect to the burden of proof, between the rule applicable to actions upon ordinary life insurance policies containing exceptions, where proof of policy and death of insured imposes upon the insurer the burden of sustaining the pleaded exception, and the rule applicable where the insurance is against death by accident or accidental means. In the latter case well considered authorities in this and other jurisdictions support the view that where unexplained death by violence is shown, the defendant who seeks to avoid liability on the ground that the death resulted from bodily injuries inflicted intentionally by another person, has the burden of going forward with evidence—that is that evidence of death by external violence is sufficient to take the case to the jury—but that the burden of the issue of death by accidental means still remains upon the plaintiff. *Gorham v. Insurance Co.,* 214 N. C., 526; *N. Y. Life Ins. Co. v. Gamer,* 303 U. S., 161; *Jefferson Standard Life Ins. Co. v. Clemmer,* 79 Fed. (2nd), 724.

However, considering the pleadings in this case, we are not disposed to hold for error the instructions given by the court below, of which the defendant now complains. This was the view expressed by this Court in the former appeal which has thus become the law of the case.

The defendant offered on the trial to show that one Willie Tate was duly convicted of murder in the first degree for the felonious slaying of insured, and that his conviction having been affirmed on appeal by this Court (210 N. C., 613), Tate suffered death for the willful and intentional slaying of the insured. Upon objection, this evidence was excluded, in the view that the plaintiff herein was not bound by the verdict and judgment in the criminal action or estopped thereby to show that in fact the death of insured was caused by accidental means. In sustaining objection to the introduction of the record and judgment in that case we find no error. *Bank v. McCaskill,* 174 N. C., 362, 93 S. E., 905.

However, we think there was error in the admission of testimony for which the defendant is entitled to a new trial.

The determinative question at issue in the trial, as the case was submitted to the jury, was whether the death of the insured resulted from injuries intentionally inflicted by Tate, or whether in attempting to assault or shoot the witness Miss Phelps, Tate shot the insured by accident. In support of the plaintiff's contention of accident the witness Phelps was permitted to testify over objection that Tate was a stranger to Warren, the man who was shot and killed by him. This was the

statement of a fact beyond her personal knowledge and of which she was not competent to testify. We think the evidence incompetent and material, as it tended to support plaintiff's contention that the shooting of Warren was accidental rather than intentional.

The same witness was also permitted, over objection, to testify that the pistol of the slayer was first pointed in her face, and that if she had not stuck up her arm the bullet would have struck her. That was a matter of opinion. She could only testify to the fact that the pistol was pointed in her face, and that subsequent to her action it was discharged into the body of the insured. She could not say of her own knowledge that Tate would have shot her or that he intended to do so. Indeed, all the evidence tends to show that his purpose with respect to her was to assault her.

The only issue submitted to the jury for decision, involving the liability of the defendant, was as follows: "Did the death of Alexander Warren result from bodily injuries intentionally inflicted by another person, as alleged in the answer?" It is apparent that this issue does not determine the question of the liability of the defendant under the accident indemnity provision of the policy. The insurance is against death "from external, violent and accidental means." It has not been affirmatively found by the jury that the death of insured was within the terms of the policy. *Whitaker v. Ins. Co.,* 213 N. C., 376, 196 S. E., 328.

For the reasons stated, we think the defendant entitled to a
New trial.