GEORGE W. PATRICK, Administrator of the Estate of JOHNNIE
PATRICK, Deceased, v. PILOT LIFE INSURANCE COMPANY.

(Filed 9 March, 1955.)

**Insurance § 38—**

Where an accident and health policy excludes from its coverage death
of the insured caused by intentional act of any person, evidence establish-
ing that insured was intentionally shot and killed by his wife justifies
nonsuit. G.S. 58-253 (6), referring to death by unlawful conduct of in-
sured, is not applicable, and the fact that the exclusion clause in the policy
is not in the terms of that statute is immaterial.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision
of this case.

APPEAL by plaintiff from *Carr, J.*, October 1954 Term, WASHINGTON.

Civil action in which plaintiff administrator of Johnnie Patrick seeks
to recover $1,200.00 under a health and accident insurance policy No.
2364820, issued by the defendant on 26 February, 1951. The policy obli-
gated the defendant, under specified conditions, to pay to the beneficiary
$1,000.00, the face amount of the policy, plus an additional $100.00 each
year for a term of 10 years. The policy contained the following: "This
policy does not cover death or injury resulting: (2) From the intentional
act of any person." The above exclusion clause was pleaded as a bar to
plaintiff's right to recover.

By consent, a jury was waived. The judge heard the case without a
jury. Plaintiff's counsel admitted, and the court found as a fact: "That
on the fourth day of March, 1953, without provocation, either by words
or actions on the part of said Johnnie W. Patrick, his wife, Dorothy L.
Patrick, intentionally shot and killed the said Johnnie W. Patrick; and
that the said Dorothy L. Patrick was tried in the Superior Court of
Washington County, January 1954 Term, convicted of the crime of man-
slaughter and sentenced by the court to a term of 10 years in State
Prison." The court held that the death of insured was not covered by the
policy and entered judgment denying recovery. Plaintiff excepted and
appealed.

*P. H. Bell and Charles V. Bell for plaintiff, appellant.*
*Wharton & Wharton and Norman & Rodman for defendant, appellee.*

PER CURIAM. The plaintiff seeks to get around the exclusion clause in
the policy by claiming the clause is contrary to the optional standard
provision as set out in G.S. 58-253 (6). The section cited refers to the
unlawful conduct of the insured. In this case it is admitted that the
insured was without fault. The section cited, therefore, has no applica-

tion. On the authority of *Whitaker v. Insurance Co.,* 213 N.C. 376, 196 S.E. 328, the judgment is

Affirmed.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.