EDWARD WARD MILLS, Administrator of the Estate of JAMES WARD MILLS v. THE STATE LIFE AND HEALTH INSURANCE COMPANY, INC.

(Filed 8 April, 1964.)

**1. Insurance § 34—**

The word "accidental" in a policy of insurance which does not define the term must be interpreted in its usual, ordinary and popular sense, and an

injury is accidental if under the circumstances it is unusual and unexpected by the person to whom it happens.

**2. Same—**

An intentional injury inflicted by another upon insured is an accidental injury within the coverage of a policy of insurance if the assault by such other is not provoked or due to the misconduct of insured, and therefore could not have been reasonably anticipated by him.

**3. Same—**

Where the parties stipulate that insured died as a result of a pistol wound inflicted by another as a result of a deliberate and intentional act not due to misconduct, provocation or assault on the part of insured, such death results "directly and independently of all other causes from accidental bodily injuries" within the meaning of the policy.

**4. Insurance § 3—**

A rider must be construed with the policy and harmonized therewith if possible, and the rider will not be held to alter the provisions of the policy except to the extent its provisions are in substitution of those of the original policy or create a new and different contract, but in case of irreconcilable conflict the provisions of the rider prevail.

**5. Insurance § 42—**

An employer procured a group policy insuring all eligible employees against accidental bodily injuries sustained while engaged in their employment and purchased a rider to the policy insuring himself subject to the terms of the group policy, except that the insurance provided by the rider should be in force and effect "twenty-four hours every day while the said group policy is in force," *held,* the rider is subject to the reasonable construction that its coverage was not limited to occasions when the employer was engaged in the performance of duties pertaining to his self-employment, and such construction will be adopted by the courts.

**6. Insurance § 3—**

Where a policy is susceptible to two reasonable interpretations, one imposing liability and the other excluding it, the courts will adopt that construction favorable to insured.

APPEAL by plaintiff from *Clark, Special Judge,* December 1963 Civil Session of WAYNE.

Beneficiary's action to recover death benefit under Group Policy No. 80397 and attached "ACCIDENT BENEFIT RIDER" issued by defendant to James Ward Mills, plaintiff's intestate. Upon waiver of jury trial, the hearing below was on the facts established by admissions in the pleadings and by stipulations.

The determinative facts are as follows:

On June 6, 1961, and at all times thereafter until his death, Mills, self-employed, was engaged in the logging business. On June 6, 1961,

defendant issued and delivered to Mills Group Policy No. 80397 and attached "ACCIDENT BENEFIT RIDER." The policy insured all eligible employees of Mills against "(l)oss resulting directly and independently of all other causes from accidental bodily injuries (excluding suicide or any attempt thereat, while sane or insane), sustained while engaged in the discharge of any duties for the Employer during regular or overtime working hours while this Policy is in force including such a loss sustained during the time the employee is proceeding to or from the place of employment only while riding in any transportation conveyance provided by Employer for that purpose." The rider, captioned "ACCIDENT BENEFIT RIDER," was in words and figures as follows:

"THIS RIDER: (1) is issued to and insures Mr. James W. Mills.

"(2) is to be attached to and form a part of Group Policy No. 80397, issued to James W. Mills.

"(3) is subject to all the terms and conditions of said Group Policy except that: (a) insurance provided hereunder is in full force and effect twenty-four hours every day while the said Group Policy is in force, and; (b) the benefits provided hereunder shall be in the following amounts instead of the amounts stated in said Group Policy.

| "Principal Sum | Weekly Benefit | Hospital |
|---|---|---|
| $8,000.00 | $25.00 | $1,000.00 |

"This Rider is issued with an Effective Date of June 6, 1961."

It was stipulated:

"2.   That on June 9, 1962, at or about 10:00 o'clock P.M., the said James Ward Mills was at Farmer's Service Station on South George Street, Goldsboro, North Carolina, drinking beer in the company of other persons; that at or about the time and place referred to herein the said James Ward Mills was shot with a pistol by one Roland Hill; that the aforesaid shooting was a deliberate and intentional act on the part of one Roland Hill, and was not the result of misconduct, provocation or an assault by the said James Ward Mills; that as a result of the injuries inflicted upon the said James Ward Mills, at the time and place above mentioned, the said James Ward Mills died on June 23, 1962, in Wayne County Memorial Hospital, Goldsboro, N. C.; and that as a result of the shooting and subsequent death of James Ward Mills, Roland Hill was convicted of manslaughter in Wayne Superior Court.

"3. That at the time and place when the said James Ward Mills was fatally shot, he was not engaged in any of the duties pertaining to his occupation or self-employment."

It was stipulated further that Group Policy No. 80397 and attached "ACCIDENT BENEFIT RIDER" were in full force and effect on June 9, 1962, and at the time of the death of Mills; that due notice and proof of loss were filed by plaintiff with defendant; and that plaintiff, if entitled to recover, is entitled to recover $8,000.00 with interest thereon from June 23, 1962.

After hearing and consideration, the court entered judgment "that the plaintiff have and recover nothing of the defendant, and that this action be and the same is hereby dismissed, and the costs taxed against the plaintiff." Plaintiff excepted and appealed.

*Dees, Dees & Smith and William L. Powell, Jr., for plaintiff appellant.*

*Taylor, Allen & Warren for defendant appellee.*

BOBBITT, J. Two questions are presented: (1) Did the death of Mills result "directly and independently of all other causes from accidental bodily injuries (excluding suicide or any attempt thereat, while sane or insane)" within the meaning of the policy? (2) If so, did the policy and rider provide coverage for Mills when "he was not engaged in any of the duties pertaining to his occupation or self-employment?" Affirmative answers to both questions are prerequisite to recovery.

"In the absence of any policy provision on the subject, it is a well-established rule that where an insured is intentionally injured or killed by another, and such injury or death is not the result of misconduct or an assault by the insured, but is unforeseen in so far as he is concerned, the injury or death is accidental within the meaning of an accident insurance policy, and the insurer is liable." 29A Am. Jur., Insurance § 1192; 45 C.J.S., Insurance § 772; Annotations: 20 A.L.R. 1123, 57 A.L.R. 972, 116 A.L.R. 396. As noted in *Insurance Co. v. Roberts*, 261 N.C. 285, 134 S.E. 2d 654, such injury (death) is by "accident" under our Workmen's Compensation Act. See *Withers v. Black*, 230 N.C. 428, 53 S.E. 2d 668.

Decisions supporting said rule listed in 20 A.L.R. 1123 are cited with approval in *Clay v. Insurance Co.*, 174 N.C. 642, 645, 94 S.E. 289; L.R.A. 1918B 508, and later decisions listed in 57 A.L.R. 972 and in 116 A.L.R. 396 are cited with approval in *Fallins v. Insurance Co.*, 247 N.C. 72, 75, 100 S.E. 2d 214.

In *Clay v. Insurance Co., supra, Scarborough v. Insurance Co.,* 244 N.C. 502, 94 S.E. 2d 558, and *Gray v. Insurance Co.,* 254 N.C. 286, 118 S.E. 2d 909, decision was based on the legal principle stated in *Scarborough,* by Devin, formerly Chief Justice but then serving as Emergency Justice, as follows: "Where the policy insures against loss of life through accidental means, the principle seems generally upheld that if the death of the insured, although in a sense unforeseen and unexpected, results directly from the insured's voluntary act and aggressive misconduct, or where the insured culpably provokes the act which causes the injury and death, it is not death by accidental means, even though the result may be such as to constitute an accidental injury." This excerpt from the opinion of Hoke, J. (later C.J.), in *Clay* is quoted with approval in *Scarborough* and in *Gray:* ". . . in case of death by 'external, violent, and accidental means,' without more, we hold that the true test of liability in cases of this character is whether the insured, being in the wrong, was the aggressor, under circumstances that would render a homicide likely as a result of his own misconduct."

In each of the following decisions, the policy under consideration provided insurance against loss (death) resulting from bodily injuries effected solely through "external, violent, and accidental means": *Clay v. Insurance Co., supra; Powers v. Insurance Co.,* 186 N.C. 336, 119 S.E. 481; *Warren v. Insurance Co.,* 212 N.C. 354, 193 S.E. 293; s. c., 215 N.C. 402, 2 S.E. 2d 17; s. c., 217 N.C. 705, 9 S.E. 2d 479; s. c., 219 N.C. 368, 13 S.E. 2d 609; *Whitaker v. Insurance Co.,* 213 N.C. 376, 196 S.E. 328; *Fallins v. Insurance Co.,* 247 N.C. 72, 100 S.E. 2d 214; *Goldberg v. Insurance Co.,* 248 N.C. 86, 102 S.E. 2d 521; *Slaughter v. Insurance Co.,* 250 N.C. 265, 108 S.E. 2d 438; *Gray v. Insurance Co., supra.*

In *Warren, Whitaker, Fallins, Slaughter* and *Gray,* a policy provision excluded from coverage death resulting from bodily injuries intentionally inflicted by another person. Also, see *Patrick v. Insurance Co.,* 241 N.C. 614, 86 S.E. 2d 201. In *Powers,* the policy provision excluded from coverage "death resulting wholly or partly from . . . firearms." In *Goldberg,* the policy provision excluded from coverage death resulting "from homicide." Where recovery was denied, decision was based on such exclusionary provision.

While there is a division of authority elsewhere (see 29A Am. Jur., Insurance § 1166 and Comment Note, 166 A.L.R. 469), this Court has consistently drawn a distinction between the terms "accidental death" and "death by accidental means." *Fletcher v. Trust Co.,* 220 N.C. 148, 16 S.E. 2d 687, and cases cited. For later cases, see Strong, N. C. Index, Insurance § 34.

Attention was called to this distinction in *Scarborough v. Insurance Co., supra,* where the policy insured against loss of life "resulting directly and independently of all other causes from bodily injuries sustained during any term of this policy through purely accidental means."

Here, the insurance is against "(l)oss resulting directly and independently of all other causes from accidental bodily injuries (excluding suicide or any attempt thereat, while sane or insane) . . ." Moreover, the policy contains no provision excluding from coverage death resulting from bodily injuries intentionally inflicted by another person. Nor does it contain any other exclusionary provision.

The word "accidental," in the absence of a policy definition, must be interpreted in its usual, ordinary and popular sense. *Clay v. Insurance Co., supra; Insurance Co. v. Simmons, Inc.,* 258 N.C. 69, 74, 128 S.E. 2d 19. In *Clay,* Hoke, J. (later C.J.), quotes with approval this definition of "accident": "An event which, under the circumstances, is unusual and unexpected by the person to whom it happens." In *Fallins,* Higgins, J., states: "An injury is 'effected by accidental means' if in the line of proximate causation the act, event, or condition from the standpoint of the insured is unintended, unexpected, unusual, or unknown." Again: "Injuries caused to the insured by the acts of another person, without the consent of the insured, are held due to accidental means unless the injurious acts are provoked and should have been expected by the insured."

Appellee relies largely on *Slaughter v. Insurance Co., supra.* Conceding there are expressions in the opinion that are favorable to appellee's contention, the primary basis on which recovery was denied in *Slaughter* was the fact that plaintiff's evidence affirmatively established that the insured's death resulted from bodily injuries inflicted intentionally by another person and therefore by express policy provision was excluded from coverage. Too, the policy then under consideration provided coverage against loss (death) resulting from bodily injuries effected solely through "external, violent, and accidental means."

It is unnecessary to decide whether under the stipulated facts plaintiff would be entitled to recover if the policy provision were against loss (death) resulting from bodily injuries effected solely through "external, violent, and accidental means." We reserve this question for consideration and decision upon an appropriate record. Suffice to say, expressions in *Slaughter* interpreted as bearing upon this question should be considered *dicta* rather than authoritative.

On the stipulated facts, the conclusion reached is that the insured's death resulted "directly and independently of all other causes from accidental bodily injuries" within the meaning of the policy.

Even so, appellee contends the fact that Mills, when fatally shot, "was not engaged in any of the duties pertaining to his occupation or self-employment," precludes recovery by plaintiff.

"As a general rule, a lawful slip or rider which is properly attached to a policy and referred to therein is a part of the contract and should be construed in connection with the other provisions of the policy, and the entire contract should be harmonized therewith if possible. Notwithstanding the attaching of a rider, provisions in the body of the policy are still parts of the contract and are not superseded, waived, limited, or modified by the provisions of the rider, except to the extent that it is expressly stated in the rider that the provisions thereof are substituted for those appearing in the body of the policy, or that the provisions of the rider have the effect of creating a new and different contract from that of the original policy; and except where the provisions in the policy proper and those in the rider are in conflict, in which case the latter control in construing the contract, especially where the provisions of the rider are the more specific." 44 C.J.S., Insurance § 300, pp. 1206-1208. Each brief quotes *a portion* of the foregoing statement.

The rider is quoted in full in our preliminary statement. Except as otherwise provided therein, it insured Mills in accordance with all the terms and conditions of said Group Policy. Thus, the policy insured Mills as well as each employee against loss, including death, "resulting directly and independently of all other causes from accidental bodily injuries . . ." However, the policy provided coverage for employees of Mills only when engaged in the discharge of duties for their employer. As to Mills, the rider expressly provides: "(a) insurance provided hereunder is in full force and effect twenty-four hours every day while the said Group Policy is in force."

In our view, when the policy and rider are considered in the light of the general rule quoted above, the more reasonable view is that the policy and rider provided coverage for Mills twenty-four hours each day without reference to whether he was engaged in any duty pertaining to his occupation or self-employment. Ordinarily, an employer's interest in providing accident insurance for his employees would relate primarily, if not exclusively, to the period they are discharging duties of their employment. However, the interest of an employer, *e.g.*, Mills, in providing accident insurance for himself is not limited to occasions when he is engaged in the performance of a duty pertaining to his occupation or self-employment.

Appellee contends the policy and rider, when considered together, should be interpreted so as to limit the coverage provided Mills to oc-

casions when he was engaged in performing a duty pertaining to his occupation or self employment even though "beyond the working hours of his employees." The rider does not so provide. Moreover, if it be conceded that this is a permissible interpretation, the decision must be for plaintiff. "It is the general rule that where a provision in a policy of insurance is susceptible of two interpretations, when considered in the light of the facts of the case, one imposing liability, the other excluding it, the provision will be construed against the insurer." *Roach v. Insurance Co.*, 248 N.C. 699, 701, 104 S.E. 2d 823, and cases cited.

For the reasons stated, the judgment of the court below is reversed, and the cause is remanded for entry of judgment for plaintiff in accordance with the law as stated herein.

Reversed and remanded.