ELIZABETH KINNEY v. HOME SECURITY LIFE INSURANCE COMPANY
No. 6810SC309

(Filed 16 October 1968)

**1. Insurance § 67—   action on accident policy — nonsuit**

In an action on an accident policy, nonsuit is proper if plaintiff's evidence fails to show coverage under the insuring clause of the policy or if plaintiff's evidence makes out a case of coverage and at the same time establishes the defense that the injury is excluded from coverage; when defendant's evidence, not in conflict with that of plaintiff, shows that plaintiff does not have a case or that defendant has a complete defense, defendant's remedy is by motion for a peremptory instruction.

**2. Appeal and Error § 59—   appeal from judgment of nonsuit — consideration of evidence**

On appeal from judgment of nonsuit, all evidence admitted in the court below which is favorable to plaintiff, whether competent or incompetent, must be considered.

**3. Insurance § 45—   "accidental death" v. "accidental means"**

In construing a double indemnity clause in a life insurance policy, the terms "accidental death" and "death by accidental means" are not synonymous: "accidental means" refers to the occurrence which produces the result while "accidental death" refers to the result itself.

**4. Insurance §§ 47, 58—   accidental death — sufficiency of evidence — defendant's evidence shows coverage excluded**

In an action to recover accidental death benefits under a double indemnity provision of a life insurance policy, plaintiff's evidence tending to show that an automobile driven by insured at 90 miles per hour failed to negotiate a curve and wrecked, that insured's skull was crushed, and that

insured's death was caused by the accident, *is held* to make a *prima facie* showing of death resulting from an accidental injury visible on the surface of the body within terms of the policy, and the fact that defendant insurer's evidence tended to show that the death was excluded from coverage in that it resulted from insured's participation in the felony of stealing the wrecked automobile does not justify nonsuit, plaintiff being entitled to have the case determined by the jury.

APPEAL by plaintiff from *Hobgood, J.,* 22 April 1968 Session, WAKE Superior Court.

Plaintiff, beneficiary, brought this action to recover on a life insurance policy issued by defendant in which it contracted to pay an additional benefit of $3,000 in the event of insured's accidental death as defined and limited by the terms of the policy. Defendant filed answer admitting issuance of the policy and that it was in full force and effect on 4 October 1964 at the time of death of the insured, Willie McNeill. Defendant admitted also its liability for $3,000 on the life of the insured which amount it has paid to the beneficiary, Elizabeth Kinney, but denied liability for the alleged accidental death of the insured; and, as a further affirmative defense, defendant alleged that the policy expressly excluded the accidental death benefit if the insured's death resulted directly or indirectly, or wholly or partially, from participation in or committing or attempting to commit a felony.

The evidence presented at the trial disclosed the following: On 3 October 1964, at midnight, or thereabouts, a Buick automobile was observed traveling north on U. S. Highway 1 near Sanford at a high rate of speed. A heavy rain was falling and the pavement was wet. The Buick automobile went out of control, leaving the highway and crashing into a tree. The car was torn in half with debris and wreckage scattered over a hundred yards in all directions. The body of the insured was found tangled in a barbed wire fence fifteen feet west of the pavement. His clothes were partially torn from his body and his skull was crushed.

There was opinion evidence, introduced by plaintiff over the objection of defendant, from a patrolman who investigated the accident and an undertaker who was present at the scene, that in their opinion the death of the insured resulted from the automobile accident. Plaintiff also introduced the deposition of George Daniel Fleming, the only eyewitness to the wreck of the Buick automobile, which evidence tended to show that immediately before the collision the Buick was traveling at a speed of approximately 90 miles per hour; that it rounded a curve in the left lane of the two-lane highway; that

it avoided colliding with Fleming's car and started "skidding sideways" leaving the road and crashing into a tree.

Upon the denial of a motion to nonsuit at the close of plaintiff's evidence, the defendant offered evidence which tended to show that the speedometer of the Buick automobile after the accident indicated a mileage of fifteen and one-tenth miles; that on 3 October 1964 a 1965 Buick, the property of Keith Motor Company, was locked in its garage in Sanford at closing time about 1:00 p.m.; that at midnight of the same day this 1965 Buick was found wrecked ten or twelve miles from Sanford on U. S. Highway 1 near the dead body of the insured, Willie McNeill.

At the close of all the evidence the defendant renewed its motion of nonsuit which was allowed and the plaintiff appealed.

*Nassif and Churchill, by Ellis Nassif, for plaintiff appellant.*

*Hofler, Mount and White, and Mordecai, Mills and Parker, by John G. Mills, Jr., for defendant appellee.*

Brock, J.

Plaintiff's sole assignment of error is the action of the Court below in granting defendant's motion for judgment of nonsuit. The policy here involved provides for an additional benefit in the event of accidental death as follows: "The Company agrees, subject to the terms and conditions of this provision and the policy, to pay an Accidental Death Benefit to the Beneficiary upon receipt at its Home Office of due proof of the *accidental death* of the Insured which directly shows that (1) Death resulted solely from an accidental bodily injury. . . . The phrase *'accidental death'* means death resulting directly and solely from a. *An accidental injury visible on the surface of the body or disclosed by an autopsy. . . .*" (Emphasis added.) The policy contained an exclusion clause in material part as follows: "No benefit will be payable under this provision if the Insured's death results directly or indirectly, or wholly or partially, from. . . . (4) Participation in an assault or a felony."

[1] In order to recover the plaintiff must show coverage within the terms of the policy. And nonsuit would be proper where plaintiff's evidence fails to show coverage, or establishes a defense under an exclusion clause. Under the decisions of our Supreme Court the prevailing rule, as stated by Justice Higgins in *Slaughter v. Insurance Co.*, 250 N.C. 265, 108 S.E. 2d 438, is: "When the plaintiff fails to show coverage under the insuring clause of a policy, nonsuit is proper. If the plaintiff's evidence makes out a case of coverage and

at the same time establishes the defense that the particular injury is excluded from coverage, nonsuit is likewise proper. . . . However, when the defendant's evidence, not in conflict with the plaintiff's, shows the plaintiff does not have a case, or that the defendant does have a complete defense, the defendant's remedy is by motion for a peremptory instruction to the jury . . . rather than by motion for nonsuit."

**[2]** Plaintiff, in our view, has met her responsibility by sufficiently showing the insured's accidental death came within the terms of the policy to require submission of the case to the jury. The defendant argues that opinion evidence by the patrolman and the undertaker to the effect that insured's death resulted from the automobile accident was incompetent and should not have been admitted over defendant's objection. Such argument is unavailing here since on appeal from a judgment of nonsuit all evidence favorable to the plaintiff, whether competent or incompetent, must be considered. *Langley v. Insurance Co.*, 261 N.C. 459, 135 S.E. 2d 38.

**[3]** The defendant cites a number of cases for the proposition that, where an accident insurance policy provides coverage for injuries sustained by external, violent and accidental means, the burden is on the plaintiff to show, not only that the *means* were external and violent, but also that they were *accidental*. It contends that nonsuit was proper in this case because plaintiff's evidence fails to show that insured came to his death by "accidental means." However, defendant has failed to recognize that for purposes of coverage under an accident policy a distinction exists between the terms "accidental death" and "death by accidental means." *Mills v. Insurance Co.*, 261 N.C. 546, 135 S.E. 2d 586. The phrase "accidental means" as distinguished from "accidental death" refers to the occurrence or happening which produces the result rather than the result itself. They are not synonymous and coverage of the policy is materially affected by the use of the one or the other. *Scarborough v. Insurance Co.*, 244 N.C. 502, 94 S.E. 2d 558; *Fletcher v. Trust Co.*, 220 N.C. 148, 16 S.E. 2d 687. The phrase "accidental death," as defined in the policy under consideration, and as distinguished from the phrase "death by accidental means," refers to the result itself rather than the occurrence or happening which produces the result.

**[4]** It is obvious that a "crushed skull" sustained in an automobile accident is "an accidental injury visible on the surface of the body," and where death results from such an injury, that this is an "accidental death" within the terms of the policy.

The defendant also contends that nonsuit was proper because the

accidental death benefit is excluded by the policy where the insured's death results "directly or indirectly, or wholly or partially, from participation in a felony." This contention is entirely without merit. The only evidence which tends to show that the wrecked automobile was one which had been stolen was evidence offered by the defendant.

In this case the plaintiff's evidence makes a *prima facie* showing of coverage under the "accidental death" provision of the policy. It does not establish a bar under the exclusion clause. On this Record plaintiff is entitled to have her case determined by the jury.

The judgment of nonsuit appealed from is

Reversed.

BRITT and PARKER, JJ., concur.